Bergan, J.
Defendant has been sentenced to a maximum term of five years in prison for selling for $5 in 1968 a small quantity of marijuana to a friend in violation of section 220.40 of the Penal Law. Defendant is a first offender. He was a band leader. The complainant, Bernard Branch, had been a member of defendant’s band. Defendant was then 22 years old, Branch 19.
No part of the substance which Branch was permitted to describe as “ marijuana ” was preserved for the trial. No examination or test of it was made by any chemist or other *156 person experienced in narcotics to bring the material which Branch said defendant had sold him in July, 1968 within the category of the “narcotic drug ” described in section 220.40 of the Penal Law.
Branch testified that he and defendant went together to a cemetery where they rolled two cigarettes from the material, each smoking one. Branch said he brought the rest of the material home and threw it away. The prosecution was commenced with indictment April 25, 1969, almost a year later, and the trial began in November, 1969.
Defendant’s conviction and five-year maximum sentence depend, then, not only on the credibility of Branch alone, but on the technical ability of Branch to identify beyond a reasonable doubt the substance he said he "bought as a “ narcotic drug ’ ’ within the terms of the statute.
The Appellate Division reversed the conviction and dismissed the indictment on the ground the witness was not qualified to identify the drug. The People appeal and raise a single question in this court which they pose this way: “Is expert testimony or opinion evidence as to the identity of marijuana essential to sustain a conviction of sale of marijuana? ”
Branch in his own terms described the ‘ ‘ stuff ’ ’ he and defendant smoked together as “pot” and “grass”. There was some difficulty at the trial to get him to identify it as marijuana. At one point the District Attorney asked him ‘‘ by what name would I [the District Attorney] know it ’ ’. Eventually the witness said “another name” for “pot” and “grass” by which the stuff was “ known as ” was marijuana.
He described the substance physically as ‘ ‘ like a grass and it is a pale green in color, it was very dry ”. Having smoked it, he said “I became ‘high’”, “I became like dizzy, and it was sort of like being drunk, yet I was conscious of my senses ”. On any view of the requirements of the rule that guilt must be shown beyond a reasonable doubt, the conviction and imprisonment of defendant should not rest on the judgment of the witness based on this recalled experience when he smoked the substance 17 months before the trial.
He described one previous experience six months earlier, and one experience thereafter which is described generally and in *157 comparative terms. These isolated experiences, one of which is before the time charged in the indictment, do not afford a reliable basis to establish the technical identity of the drug which is the essence of the crime charged.
The Appellate Division’s conclusion was that the witness was not shown sufficiently qualified to support the criminal charge of selling a narcotic drug. Convictions of this character, the court noted, “ require more than the conclusion of a layman to establish the drug as one of those proscribed by statute ”.
The rule of long standing in New York was stated by Judge Werner in Dougherty v. Milliken (163 N. Y. 527, 533) that where the conclusions to be drawn from the facts “ depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence ’ ’ recourse must be had to ‘ ‘ the knowledge of men whose experience or study enables them to speak with authority ”.
It seems probable that a number of people in the general community now can, or think they can, recognize marijuana, but the resulting skill is not yet so general that the State should be willing to rest a conviction and prison sentence solely on a young person’s two or three isolated experiences with what he thinks is “ pot ”.
The Supreme Court of California resolved this question squarely in People v. McLean (56 Cal. 2d 660) where a 16-year-old girl who had smoked what she described as marijuana was permitted on the trial to identify the substance. The court held the evidence thus based was insufficient to sustain the conviction. “ The rule is settled that a witness is not qualified as an expert unless it is shown that he is familiar with the subject upon which he is asked to give an opinion ” (56 Cal. 2d, p. 663).
The People rely on People v. Leonard (8 N Y 2d 60). There a witness was permitted to describe a beverage called “ rye and ginger ale ’ ’ as alcoholic. Admissibility was based on the court’s view that the nature of alcoholic beverage was a “ matter of common knowledge ” (p. 62). See, also, People ex rel. Lance v. O’Reilly (129 App. Div. 522, affd. 194 N. Y. 592).
A simple basis of distinction is that up to now the world is much more experienced with alcohol than with narcotics. The decision in People v. Transamerican Frgt. Lines (24 N Y 2d *158 727), on which the People also rely, is not decisive of the point in issue.
The order should be affirmed.