OPINION OF THE COURT
Stanley Gartenstein, J.
In a drug-related prosecution, may a complaint be deemed properly converted to an information (CPL 170.65) solely upon the corroborating affidavit of the arresting officer on personal knowledge and without a lab report showing the alleged contraband in fact to be a controlled substance?
The court’s ruling on this issue is of more than academic interest to the defendant who is charged with the criminal sale of marihuana and has been incarcerated since arraignment upon failure to post bail. Inasmuch as the statutory period of five days during which the People must replace the hearsay complaint with an information has elapsed, their failure to do so will result in defendant’s mandatory parole regardless of his consistently demonstrated propensity not to appear (CPL 170.70). The complaint herein is in fact executed upon knowledge of the arresting officer. The People have failed to produce a lab report confirming the alleged contraband to be a controlled substance. Defendant moves for parole. The court has ruled orally from the Bench. It issues this formal opinion because no reported case appears to treat this question concerning which judicial opinion appears to be evenly divided.
*377 The only extant decision on this issue appears to be People v Young (NYC Crim Ct, docket No. 2N061668), an unreported opinion by our colleague, the Hon. Stephen Crane in which Judge Crane argues that despite the fact that an information proper in form has been filed in a drug case, “[t]here is an aspect to such a pleading that, in substance, partakes of hearsay. This hearsay nature of the charge may only be dispelled by scientific testing and the filing of a report of the results” (citing CPL 190.30, subd 2; 190.65, subd 1, and People v Frank, 65 Misc 2d 488).
We respectfully disagree.
A complaint is a pleading by which a criminal action is commenced. While, if executed on hearsay, it is sufficient to commence an action, a defendant may not be prosecuted except upon a verified instrument setting forth factual allegations on personal knowledge supporting the charge levied against a defendant (CPL 100.10, 100.15, subd 3). The facts alleged must be of actionable criminal conduct and must allege a legally sufficient case (People v Zambounis, 251 NY 94; People v Weinberg, 34 NY2d 429; People v James, 4 NY2d 482; People v Jeffries, 19 NY2d 564).
We hold an information upon personal knowledge of the deponent thereof to be sufficient even when not supported by a scientific report confirming the alleged contraband in issue to be a controlled substance. The dual tests of legal sufficiency and specificity sufficient for the accused to make out the nature of the offense charged are both present. The test of sufficiency is not such listing in written form in the information of the evidence which will ultimately be introduced to prove the charge beyond a reasonable doubt, but a recitation whereby the “defendant should be informed of the nature of the charge against him and of the act constituting it, not only to enable him to prepare for trial, but also to prevent him from again being tried for the same offense.” (People v Zambounis, supra, p 96.)
The foregoing leads to consideration of the quantum of evidence necessary for conviction in a drug-related prosecution. Obviously, if a conviction requiring proof beyond a reasonable doubt may be sustained without a report of scientific testing in evidence, certainly no one could argue that a mere pleading, even conceding the requirement that *378 it be executed on knowledge as opposed to information and belief would require even a standard equal to that required to measure reasonable doubt.
The rule applicable in Federal court prosecutions permits drug-related convictions to be sustained on appeal as having been based upon evidence beyond a reasonable doubt even where no scientific tests verify the contraband in issue to be a controlled substance. In United States v Agueci (310 F2d 817), the Second Circuit Court of Appeals affirmed a drug-related conviction. Holding that the trial court’s instructions to the jury “on the use of circumstantial evidence to determine that the material in question was narcotics * * * were adequate,” (p 828) the court affirmed the trial court’s listing of seven categories of circumstantial evidence “which the jury might consider in determining whether a given defendant had possession of or had imported the narcotic drug as charged” (p 828):
(1) testimony of unindicted coconspirator that he had personally tested samples of powder from each shipment;
(2) secrecy and deviousness with which the transactions were handled;
(3) the fact that the substance in question was a white powder;
(4) high price paid in cash for it;
(5) lack of complaint by purchasers;
(6) descriptive language used by defendant in connection with certain transactions;
(7) exemplar of white powder tested by United States chemist was heroin.
Holding the evidence sufficient to establish reasonable doubt, the court stated (p 830) “But surely there was sufficient evidence, albeit not conclusive to a mathematical certainty, to warrant a reasonable inference to that effect. The Government need not exclude every remote possibility of innocence before its case warrants submission to the jury [citing authorities].”
The leading case in New York on this question is People v Kenny (30 NY2d 154). A reading thereof would appear to substantiate the suspicion that this decision was an appellate response to a factual situation which shocked the *379 conscience of the court. In 1968, a 22-year-old first offender was sentenced to a maximum five-year term for selling a $5 quantity of marihuana to a member of his band. The 19-year-old complainant had testified that he and defendant went to a cemetery where they rolled two cigarettes from the material in question, each smoking one. Defendant was indicted a year later, and convicted 17 months after the incident in question, on testimony of the complainant that the “stuff” was green; that he got “high” and “dizzy” after smoking it; that he had two other experiences with marihuana, one six months prior thereto, and one thereafter.
In reversing the conviction, the Court of Appeals held that (p 157) “These isolated experiences, one of which is before the time charged in the indictment, do not afford a reliable basis to establish the technical identity of the drug which is the essence of the crime charged”.
Having established a criterion of “reliable basis,” the Court of Appeals went on to state that (p 157) “[i]t seems probable that a number of people in the general community now can, or think they can, recognize marijuana, but the resulting skill is not yet so general that the State should be willing to rest a conviction and prison sentence solely on a young person’s two or three isolated experiences with what he thinks is ‘pot’ ”. (Emphasis added.) Citing a ruling directly in point by the California Supreme Court in People v McLean (56 Cal 2d 660, 663), the Court of Appeals quoted the California court’s reasoning to the effect that “The rule is settled that a witness is not qualified as an expert unless it is shown that he is familiar with the subject upon which he is asked to give an opinion” (emphasis added).
Thus, even if Kenny may be given universal application rather than distinguished on its extreme facts, the “reliable basis” for conviction which was not present in the testimony of a 19-year-old youth who had smoked “pot” only once before and who testified a full 17 months after the event in issue, would certainly be present here through circumstantial evidence via the expert testimony of the arresting officer, a specialist in drug-related matters; or by other circumstantial “reliable” evidence such as place of sale (viz., known drug-sale location); manner of sale; secrecy of transaction; presence of large sums of cash; presence of “stash”; etc.
*380 The key factor to consider in Kenny, by the specific holding of the Court of Appeals, was not the promulgation of an across-the-boards inflexible requirement of a lab report, but the necessity in this case only, lacking other reliable evidence, of turning to a lab report. Analogizing this situation to a conviction involving prohibited sale of alcohol sustained without scientific testing based upon “the court’s view that the nature of alcoholic beverage was a ‘matter of common knowledge’ ” (People v Kenny, supra, p 157, citing People v Leonard, 8 NY2d 60, 62), the court distinguished the two situations by pointing out that “A simple basis of distinction is that up to now the world is much more experienced with alcohol than with narcotics” (p 157). Twelve years have passed since Kenny. It is doubtful that any court could make this statement in 1984 about marihuana whose use has become, without any moral judgments implied, widespread enough to warrant decriminalization in situations involving personal use, upon recommendation of Governor Carey.
If indeed, therefore, a lab report is necessary in marihuana prosecutions on the question of reasonable doubt — a tenuous hypothesis after a reading of Kenny, certainly a lesser standard may be applied to an information which must allege facts, which if proven, would sustain a conviction, as opposed to the actual hard evidence required at trial.
We are cognizant of CPL 190.30 (subd 2) which deals with a lab report sufficient to support an indictment in a superior court prosecution in a drug-related charge. By its own terms, this statute is permissive — i.e., a relaxation of the standards of admissible evidence, rather than mandatory. We fail to see how this may be construed as requiring expert evidence on the one hand; and, on the other, how this may be analogized to a misdemeanor information.
The affidavit, on knowledge by the arresting officer, unsupported by lab report, is held sufficient to convert the hearsay complaint into an information (CPL 170.65, 170.70). The application for parole is denied.