OPINION OF THE COURT
Alan D. Marrus, J.
This case presents for review an issue which arises in thousands of misdemeanor drug possession cases each year and which has divided the Judges of the New York City Criminal Court more than any other: May a defendant charged with misdemeanor possession of a controlled substance be detained in jail beyond five days from arraignment solely upon the affidavit of a police officer that he observed the defendant in possession of the controlled substance? The defendant here contends that a laboratory report verifying the existence of a controlled substance or, at the very least, an assertion in the complaint that the police officer has been certified as an expert in the identification of controlled substances is required to detain the defendant in jail beyond five days from the arraignment. The court agrees.
CPL 170.70 requires release of an incarcerated defendant where no information has been filed within five days *178 of arraignment, excluding Sundays, unless the defendant waives prosecution by information or there is good cause not to release the defendant. An information must establish “reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information” (CPL 100.40, subd 1, par [b]) and “[n]on-hearsay allegations [establishing] every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40, subd 1, par [c].) An information “is required to exhibit a prima facie case as well as ‘reasonable cause’.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.40, p 67.) Thus, a defendant charged with misdemeanor drug possession is entitled to be released from pretrial detention five days after arraignment (excluding Sundays) if he is being detained upon a misdemeanor complaint that has not been converted to an information.
Does the affidavit of a police officer that he observed the defendant possess drugs satisfy the statutory requirements of an information? The court holds it does not.
In the typical misdemeanor drug possession case, a police officer may not be so specially trained or experienced in the identification of narcotics as to state with precision any more than that he observed the defendant in possession of powder or pills packaged in such a manner as to likely contain a controlled substance. Absent special training or experience, a typical police officer would not be allowed to testify at a hearing or a trial that, in his opinion, the powder or pills seized constituted heroin, cocaine, codeine, or other controlled substance. Even though a police officer has had some experience with the subject matter involved in an arrest, this does not automatically qualify him as an expert on the subject. (See, e.g., People v Patno, 13 AD2d 870.) It should be evident that the identification of narcotics requires “ ‘professional or scientific knowledge or skill not within the range of ordinary training or intelligence’ ” and that recourse must be had to people “ ‘whose experience or study enables them to speak with authority’.” (People v Kenny, 30 NY2d 154, 157.)
It is apparent to the court that in most misdemeanor drug possession cases when a police officer swears under *179 oath that he observed the defendant in possession of drugs, what he is really saying is that he observed the defendant possess what appeared to be drugs. It is not a crime to possess powder or pills which look like controlled substances but which do not contain any.
It is the laboratory test of the pills or powder seized by the police which is generally regarded as dispositive of the issue. Laboratory tests conducted by the New York City Police Department in drug cases demonstrate that about one of every six or seven defendants charged with drug possession, in fact, possess no controlled substance. Approximately 15% of all defendants arrested for possessing controlled substances, therefore, have committed no violation of the Penal Law.
This court, moreover, cannot ignore the fact that in felony drug cases, laboratory reports or at the very least the testimony of an expert witness is required to secure an indictment and detain a defendant in jail more than five days from his arrest (six days if a weekend or holiday intervenes). (See CPL 180.80.) It makes no sense that a defendant charged with misdemeanor possession of drugs can be detained in jail indefinitely without expert opinion or scientific analysis while a defendant charged with a drug felony must be released without same.
Two unreported decisions of this court have considered this issue. In People v Young (June 24, 1983, docket No. 2N061668, Crane, J.), the court held that a laboratory report was required to keep a defendant in jail. People v Hernandez (124 Misc 2d 376), held that a defendant could be incarcerated solely on the affidavit of a police officer. This court agrees with the reasoning in Young: “The lab report is the recognized means of proving the true nature of a suspected controlled substance * * * Indeed, when the sole charges against a defendant require the assurance of scientific testing, defendants will not be held in custody to answer these charges when the scientific report is delayed. (Cf. CPL 170.70; 180.80.) This is true even if the misdemeanor is charged in a pleading that satisfies the form of an information. There is an aspect to such a pleading that, in substance, partakes of hearsay. This hearsay nature of the charge may only be dispelled by scientific testing and the filing of a report of the results.”
*180 Marihuana cases present an entirely different situation. Marihuana has become so commonplace in our society and its appearance and odor are so distinctive that most police officers have the requisite training and experience to be able to identify it under oath. Laboratory tests in marihuana cases, moreover, rarely conflict with the conclusion of the police officer who has sworn out a complaint. Indeed, there is very little incentive out on the street to substitute powder for marijuana, since it is relatively cheap and the risk of prosecution and imprisonment for possessing it is much less than for other controlled substances.
The New York City Police Department laboratory has been overwhelmed by the crush of drug cases resulting from police sweep operations. If the police and the District Attorney expect the court to incarcerate large numbers of defendants in these cases, the court has the right to expect that greater resources and more manpower will be forthcoming to the police lab. Just as it has become commonplace to ask “Where’s the beef.?” the Criminal Court finds itself asking repeatedly, “Where’s the lab report?” If more police officers are assigned to conduct drug sweeps, more police chemists must be assigned to conduct drug tests.
When the police officer who swears out a complaint for possession of drugs is a certified expert in the identification of drugs, the complaint should so state. Absent such a declaration on the face of the complaint, a laboratory report will be required to detain a defendant beyond five days from his arraignment pursuant to CPL 170.70.