OPINION OF THE COURT
Bertram Katz, J.
In a case that presents a unique opportunity to examine the effects of the holding in People v Colon (59 NY2d 921, revg 112 Misc 2d 790, on reasoning at 110 Misc 2d 917) on marihuana and firearms cases, the defendants have moved to dismiss the misdemeanor charges of criminal possession of a weapon and criminal possession of marihuana on speedy trial grounds. (CPL 30.30; Penal Law § 265.01 [1]; § 221.10 [2].)
*776 The defendants were arraigned on misdemeanor complaints on February 22, 1984. Two days later, the People purportedly obtained a copy of the ballistics report dated February 23, 1984. The report states that the .32 caliber pistol seized from the defendants is operable. The report was deposited in the People’s case file, where it languished for many months.
On April 5, in a written response to a discovery motion, rather than turning over the report (CPL 240.20 [1] [c]), the People invited the defendants to inspect the ballistics report “in our folder”. It does not appear that the defendants ever availed themselves of this opportunity.
The People announced their readiness on the record on October 3, 1984.[1] However, the ballistics report was not filed with the court until November 26, 1984, in an answer to the instant motion to dismiss.
As to the marihuana charge, the arresting officer’s complaint charges the defendants with possession of “alleged” marihuana “in excess of 25 grams.” A laboratory analysis dated August 14, 1984 came into the People’s possession, according to their sworn affirmation, on September 5. The report indicates that marihuana is present in the vegetable matter seized from the defendants in the amount of 2 ounces and 32 grains. This report was not filed with the court, or its existence even alluded to, until November 26.
In both cases, the defendants contend that the People have failed to convert the complaints to valid informations within the time constraints of CPL 30.30. (People v Colon, supra; People v Thompson, 111 Misc 2d 521, affd 120 Misc 2d 444; People v Arturo, 122 Misc 2d 1058.) It is alleged that, without a scientific determination of operability, the firearms charge is jurisdiction-ally deficient. Correspondingly, without a scientific analysis of the alleged marihuana, the allegation that marihuana was possessed by the defendants is incompetent evidence, if not hearsay. Failing this, the defendants argue that a proper determination of the weight of the alleged marihuana, which bears directly on the degree of offense charged under Penal Law article 221, is a prerequisite to a sufficient information. Since the alleged conversion of the complaints occurred nine months after the commencement of the action, the defendants seek dismissal of all charges due to the failure of the prosecution to afford them a speedy trial.
*777 In rebuttal, the People argue that the firearms complaint should be considered converted by virtue of the fact that a ballistics report was open to the defendants’ perusál at all times upon request, and that the defendants were so advised. In regard to marihuana, the People rely on the recent People v Hernandez (124 Misc 2d 376) for the proposition that a lab report is not needed to convert an information relating to marihuana, which any police officer is capable of recognizing. It is further argued that any person of normal intelligence is capable of operating a scale for determining the aggregate weight of marihuana.
INFORMATIONS
A valid information under the Criminal Procedure Law (CPL 100.15, 100.40) serves at least three purposes. It must state the offense charged with sufficient particularity to prevent multiple prosecutions for the same offense. It also must be sufficiently specific to provide fair warning of the offense charged to enable the defendants to prepare adequately for trial. (People v Crisofulli, 91 Misc 2d 424, citing People v Bertram, 302 NY 526.) Finally, and most applicatory to the instant case, in order to prevent the bringing of baseless prosecutions, all elements of the crime charged in an information must be supported by nonhearsay allegations of persons subject to the penalties of peijury for false swearing. (People ex rel. Livingston v Wyatt, 186 NY 383; People v James, 4 NY2d 482; see generally, People v Flushing Hosp., 122 Misc 2d 260; CPL 100.40.)
These nonhearsay allegations must be of an evidentiary character supporting or tending to support the charges. (CPL 100.15 [3]; 100.40 [1].)
Since these allegations will usually represent the only formal accusation and expression of the charges that the defendant will have to meet before trial, an information must exhibit not only reasonable cause, but also a prima facie, or legally sufficient case. (See, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.40, p 67.) As such, the allegational content of an information is closely analogous, if not identical, to the quantum of evidence before the Grand Jury sufficient to withstand a motion to dismiss for legal insufficiency. In both cases, the standard is a prima facie, or legally sufficient case. (CPL 190.65 [1]; 70.10 [1]; 100.40 [1]; compare, People v Steiner, 77 AD2d 13, with People v Crisofulli, 91 Misc 2d 424, supra.)
A prima facie case is that quantum of competent and admissible evidence such that, if unexplained and uncontradicted, *778 would warrant a conviction. (People v Howell, 3 AD2d 153, 161, affd 3 NY2d 672; People v Potwora, 44 AD2d 207.)
BALLISTICS
What would constitute a prima facie case for a misdemeanor charge of possession of a firearm? (Penal Law § 265.01 [1].)
It is well settled that an essential element of the crime of possession of a firearm is proof of operability. (People v De Witt, 285 App Div 1157; People v Grillo, 15 AD2d 502, affd 11 NY2d 841; People v Fwilo, 47 AD2d 727; People v Donaldson, 49 AD2d 1004.) In the ordinary case, no valid indictment can result unless the Grand Jury receives competent evidence of the operability of the firearm, since possession of an inoperable one is not per se violative of the Penal Law. (People v Donaldson, supra; People v Burdash, 102 AD2d 948.)
Such proof of operability is most commonly, and conveniently, established through the introduction of a ballistics report (CPL 190.30), although any element of a crime may be established circumstantially. (See, People v Borrero, 26 NY2d 430; People v Wright, 68 AD2d 930.)
The preparation of the ballistics report itself could hardly be simpler. A test shot is made by the technician. (See, Matter of Nelson R., 83 Misc 2d 1081.)
Therefore, in order to be prima facie sufficient on its face, an information must allege in nonhearsay form, by facts of an evidentiary nature (CPL 100.15) the operability of the firearm. This the instant information fails to do. In gun possession cases of this type, the ballistics report takes on the character of a supporting deposition. (CPL 100.20.) The filing of such a report converts the jurisdictionally insufficient complaint to an information. (CPL 170.65.)
The People have conceded the insufficiency of the accusatory instrument, but have attempted to salvage matters by arguing that a complaint can be converted to an information, not by filing documents with the court, but by depositing them in the prosecutor’s file.
Simply stating this proposition is enough to discredit it. The prosecutor must file with the court an accusatory instrument sufficient in its allegations to confer jurisdiction upon the court. (People v Colon, 59 NY2d 921, supra; People v Thompson, 111 Misc 2d 521, affd 120 Misc 2d 444, supra.) There is no notice to the defendants, or to the court for that matter, where the alleged *779 accusation is tucked away in the District Attorney’s folder. (CPL 1.20 [4], [7], [8], [17]; 100.20.)
As a further consideration, one must be cognizant of the gross injustice of incarcerating a defendant, in the absence of proof of operability, for the five-day period of CPL 170.70, when the same defendant faced with felony charges would necessarily be paroled under CPL 180.80. Where a test procedure of such simplicity could cause dismissal of a case totally lacking in prosecutorial merit, it is similarly inexcusable to place such person in jeopardy for the minimum speedy trial period of 90 days, to say nothing of the waste of court resources. The date of the ballistics report in this case, one day after the arrests, illustrates the ease with which a prima facie case can be demonstrated to the court if the effort is made.
Accordingly, in regard to the charges of Penal Law § 265.01, the court holds that an insufficient information, or misdemeanor complaint was pending in this case from February 22 until November 26, 1984, a period greatly in excess of the 90-day statutory requirement of CPL 30.30.[2] Therefore, this charge is dismissed summarily as to both defendants. (People v Colon, supra; People v Thompson, supra.)
MARIHUANA
Turning now to the marihuana charge, the People contend that a laboratory report is mere surplusage to a valid information, since any police officer can detect the substance by mere observation. Since the People will be charged with nine months of nonexcludable delay (People v Colon, supra) unless this contention is borne out, it is necessary to explore the applicable evidentiary rulings at some length.
Two recent Manhattan Criminal Court cases, People v Hernandez (124 Misc 2d 376, supra) and People v McMillan (125 Misc 2d 177), have passed on this issue, although only Hernandez is a marihuana case.[3]
The Hernandez court (supra), distinguishing a 12-year-old ruling of the Court of Appeals (People v Kenny, 30 NY2d 154), held that the average policeman possesses sufficient experience *780 with marihuana to identify it dependably, and his allegation is sufficient for the purposes of a valid information.
In McMillan (supra) in the context of a narcotics charge, it was held that a complaint based solely on the observations of the arresting officer did not constitute an information, but required a laboratory analysis of the controlled substance. (Citing People v Frank, 65 Misc 2d 488.)
The court is in agreement with the holding in McMillan (supra). However, in dicta, the McMillan court went on to declare an exception for marihuana: “Marihuana has become so commonplace in our society and its appearance and odor are so distinctive that most police officers have the requisite training and experience to be able to identify it under oath. Laboratory tests in marihuana cases, moreover, rarely conflict with the conclusion of the police officer who has sworn out a complaint. Indeed, there is very little incentive out on the street to substitute powder for marihuana, since it is relatively cheap and the risk of prosecutions and imprisonment for possessing it is much less than for other controlled substances.” (People v McMillan, supra, at p 180.)
EXPERTISE
Both decisions place in issue the continued viability of the 1972 Kenny decision (supra), which held that marihuana use was not yet so widespread and familiar to the average person that the testimony of a lay person, who had had two or three experiences with the drug was competent evidence of the presence of marihuana. Reliable identification of marihuana, ruled the court, required expertise or training. (People v McLean, 56 Cal 2d 660, 365 P2d 403.)
The general rule regarding expert testimony is that an expert is permitted to express an opinion when the facts or inferences to be drawn from the facts depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence. (Dougherty v Milliken, 163 NY 527, 533 [1900]; Selkowitz v County of Nassau, 45 NY2d 97 [1978]; Richardson, Evidence § 367 [10th ed].)
In Kenny (supra) the substance was not available for testing. The complainant testified as to what he thought he had smoked. Therefore, the Court of Appeals did not directly consider the question of whether police have the requisite training or experience, as a class, to reliably identify marihuana at criminal trials.
The vast majority of jurisdictions throughout the country have ruled that either a scientific analysis, or expertise of some *781 type (including specialized police training) is required to establish the existence of marihuana at trial for the purposes of a prima facie case or conviction. (People v McLean, supra; People v Park, 49 Ill App 3d 40, 363 NE2d 884, affd 72 Ill 2d 203, 380 NE2d 795 [1978]; State v Lloyd, 61 Hawaii 505, 606 P2d 913 [1980]; Jenkins v State, 46 Ala App 719, 248 So 2d 758 [1971]; see generally, 75 ALR3d 717.)
The Park case (supra) is particularly noteworthy, since it was based in part upon a study done in Wisconsin, at which it was shown that as many as 1 in 7 samples of alleged marihuana submitted to the police laboratories proved to be innocuous in nature.
In New York, one would anticipate that the percentage of “false alarms” would be closer to 1 in 100. However, the expertise of an arresting officer cannot be gouged from the face of an accusatory instrument. Expertise must be established at the trial stage, by the party offering the expert. (2 Wigmore Evidence, at 640-41 [3d ed 1940].) If allegations of questionable evidentiary value are to be used to support informations, the court has the right to insist on compelling reasons for allowing it. See People v Flushing Hosp. (122 Misc 2d 260, supra), ruling that there were no compelling reasons to allow the use of hearsay in an information.
Except for bureaucratic delay, the record is devoid of compelling reasons to dispense with the laboratory report.
The court holds, for the ordinary[4] marihuana possession case, that the unsupported allegation of the arresting officer does not constitute prima facie proof of the existence of marihuana, but is merely probable cause. (See, People v Talutis, 39 AD2d 815; People v Wachter, 64 AD2d 1012; People v Frank, supra; CPL 190.30, 190.65.)
UNIDENTIFIED SOURCES
There are other reasons not to allow such accusatory instruments to serve as the basis for prosecution in the Criminal Court. In People v James (4 NY2d 482, supra), decided prior to *782 the adoption of the Criminal Procedure Law, it was held that an information that was based on information and belief must identify the sources of information and grounds for belief. (See also, People v Conoscenti, 83 Misc 2d 842; People v Flushing Hosp., supra.) If an information was based on extraneous evidence, the complainant had to swear under the Code of Criminal Procedure, that documents existed that would constitute legal evidence. (See also, People v Bertram, supra; People v Johnson, 53 Misc 2d 638.) Failure to do so would have jurisdictional consequences.
The complaint, which merely speaks of “alleged marihuana”, fails to meet even this lesser standard. We don’t know how the officer identified the substance, or his experience or past success in identifying it. Whether “legal evidence” of the commission of the crime exists is a matter of conjecture until the filing of the laboratory report.[5]
READINESS
Finally, the People have failed to show readiness to move this case to trial. By their own admission, they did not obtain a laboratory analysis until several months after the commencement of the case for CPL 30.30 purposes. Without such report, under these circumstances, the People cannot announce their readiness for trial. Certainly nothing that the defendants did prevented the People from completing this fundamental task totally within their control within the 90-day period of CPL 30.30. (People v Thompson, 111 Misc 2d 521, affd 120 Misc 2d 444, supra.)
Therefore the court holds that the People have failed to meet their burden of showing that they were ready within the statutory time period.[6]
The defendants’ motion to dismiss all charges on speedy trial grounds is granted summarily. (CPL 170.45, 210.45.)

. The People also claim that they announced their readiness on April 5, over the objection of the defendants, but there is no evidence of this. The People promised to furnish minutes of court action to substantiate their contention, but have not done so.

. Neither party has discussed the effect of the 1984 amendment to CPL 30.30 (4), which applies to cases arising on or after August 1,1984. (L 1984, ch 670.)

. The court’s research has found only one other published case that has considered the problem, People v Chung (NYLJ, Sept. 1, 1982, p 12, col 3), wherein it was held that a policeman’s identification of marihuana was not hearsay in nature for the purposes of a valid information. (CPL 100.40.)

. The court is not promulgating an inflexible requirement of a laboratory report in all marihuana possession cases, since such charges, like narcotics or firearms charges, may sometimes be proved circumstantially. (People v Peluso, 29 NY2d 605; United States v Adelman, 107 F2d 497; People v Reed, 44 NY2d 799; see also, 32A CJS, Evidence, § 782.)
Moreover, sale or conspiracy cases must also be distinguished, since the illicit nature of the substance can be shown by the totality of circumstances, including the conduct of the parties. (United States v Agueci, 310 F2d 817 [2d Cir 1962], cert denied 372 US 959 [1963]; United States v Honneus, 508 F2d 566 [1st Cir 1974], cert denied 421 US 948 [1975].)

. The defendant is no longer entitled to a preliminary review of the evidence through the vehicle of a misdemeanor hearing, at which, potentially, an officer’s expertise would be open to cross-examination in advance of trial. (CPL [former] 170.75, repealed by L 1978, ch 481, eff Sept. 1, 1978.)

. Although the issue need not be addressed, the defendant’s allegation regarding the policeman’s expertise to weigh marihuana must be rejected by the court. Confronted with the problems caused by the “pure weight” standard (see, People v Davis, 95 Misc 2d 1010) the Legislature has defined crimes under Penal Law article 221 in terms of the aggregate weight of the vegetable matter containing marihuana in some measurable amount. Therefore, assuming that the presence of marihuana is scientifically established, any police officer is capable of weighing the aggregate vegetable matter to determine the degree of offense.