OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 In this appeal from a conviction for criminal sale of a controlled substance in the first degree, defendant contends first, that cross-examination of the People’s expert in the laboratory analysis of drugs as to the effect of moisture on the weight of the cocaine was erroneously limited and second, that imposition of the mandatory minimum sentence was "grossly disproportionate” in the circumstances of this case. Owing to a lack of preservation, the first issue cannot be reached. When during cross-examination the court sustained the People’s
 
 *819
 
 objection to the question whether, unless the material were dried out, he would also be weighing the moisture, defense counsel simply proceeded to another subject, never calling to the trial court’s attention the purpose of the question, or disputing the People’s claim that it was irrelevant, or in any way attempting to call the court’s attention to the nature of the alleged error. Defense counsel having failed to make known his position with respect to the ruling at a time when it could have been corrected, if indeed there was error, no question of law is presented (CPL 470.05, 470.55). Nor is there merit to defendant’s second contention, regarding sentence, to the extent any constitutional objection has been preserved for our review
 
 (see, People v Donovan,
 
 59 NY2d 834;
 
 People v Broadie,
 
 37 NY2d 100,
 
 cert denied
 
 423 US 950).
 

 Defendant’s conviction should be affirmed on the ground that the testimony of the People’s expert established that the cocaine weighed more than two ounces. The ground relied upon by the Appellate Division — that the offer of defendant’s accomplice to sell "a little bit over” two ounces of cocaine was itself sufficient to establish weight for purposes of the crime of first degree sale — was erroneous. While proof of an offer may in some circumstances establish that a sale has occurred
 
 (see,
 
 Penal Law § 220.00 [1]), the weight of the material must be independently shown
 
 (see, People v Kenny,
 
 30 NY2d 154;
 
 People v Lawson,
 
 84 Misc 2d 24;
 
 see also, People v Lam Lek Chong,
 
 45 NY2d 64, 72,
 
 cert denied
 
 439 US 935).
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4),. order affirmed in a memorandum.