OPINION OF THE COURT
Laura Drager, J.
The defendant stands accused of the crime of criminal sale of marihuana in the fourth degree (Penal Law §221.40). He moves to dismiss the charge pursuant to CPL 30.30 on the ground that the People failed to file a laboratory report confirming the presence of marihuana within 90 days of the commencement of the action thereby denying defendant a speedy trial. (CPL 30.30 [1] [b].) The People, although conceding the report was not filed within 90 days, contend that a laboratory report is not required in marihuana cases. For the reasons set forth below, defendant’s motion must be granted.
Defendant was arrested on July 1, 1987. He was initially charged with four crimes, including possession of cocaine, hypodermic instruments and marihuana (Penal Law §§ 220.03, 220.45, 221.10) as well as the charge of criminal sale of marihuana in issue here. A laboratory report pertaining to the other drug possession charges was filed and served on July 20, 1987. However, as a result of the granting of a Mapp motion after a suppression hearing, those other charges were dismissed on January 11, 1988. It was not until that date — 194 days after the commencement of the action — that the People filed the laboratory report for the one remaining count. Defendant then filed his speedy trial motion now before the court.*
The issue presented here is whether for a charge of possession or sale of marihuana a laboratory report is necessary to convert a complaint into an information. A criminal action may commence with the filing of a misdemeanor complaint. (CPL 100.15.) However, a defendant may not be prosecuted on such instrument until it is converted into an information. (CPL 170.10 [4] [d].) An information is a nonhearsay, factual accusatory instrument which, in its body, establishes a prima facie case for each charge. (CPL 100.40 [1]; People v Alejandro, 70 NY2d 133 [1987].) The People cannot answer ready for trial *363 until an information exists. (People v Colon, 59 NY2d 921 [1983]; People v Sturgis, 38 NY2d 625 [1976].)
The law is clear that in a narcotics case, the conversion of an otherwise nonhearsay complaint into an information occurs upon the filing of a laboratory report confirming the presence of the narcotic drug. (People v McMillan, 125 Misc 2d 177 [1984].) The decisions are less definitive on the need to file a laboratory report in marihuana cases. In an early case the Court of Appeals held that expert testimony as to the identity of marihuana is essential to sustain a conviction for sale of marihuana. (People v Kenny, 30 NY2d 154 [1972].) In that case a person who had limited experience with marihuana was the sole witness to identify the substance sold by the defendant as marihuana. The witness described the substance physically and by its effect on him after smoking it. The court noted that where the conclusions to be drawn from the facts depend on scientific knowledge not within ordinary experience, recourse must be had to expert testimony (citing Dougherty v Milliken, 163 NY 527). "It seems probable that a number of people in the general community now can, or think they can, recognize marijuana, but the resulting skill is not yet so general that the State should be willing to rest a conviction and prison sentence solely on a young person’s two or three isolated experiences”. (30 NY2d, at 157.) The court specifically distinguished cases involving alcohol where expert testimony was found unnecessary on the theory that "up to now the world is much more experienced with alcohol than with narcotics.” (30 NY2d 157, citing People v Leonard, 8 NY2d 60 [I960].)
Since the Kenny case (supra), several lower courts have reconsidered the need for expert evidence in marihuana cases in the context of whether a laboratory report must be filed to convert a complaint into an information.
Some cases have held that a laboratory report is not required. They have found that since the 1972 Kenny decision (supra), marihuana with its distinctive appearance and odor has become so commonplace that most police officers have the training and experience necessary to identify it under oath. Further, these courts have held that unlike narcotic drugs, given the low cost of marihuana, there is little incentive on the street to substitute a different substance for it. (See, People v McMillian, 125 Misc 2d 177 [NY County 1984]; People v Paul, 133 Misc 2d 234 [NY County 1986].)
However, the discussion on marihuana in these cases was *364 dicta. The facts before each court concerned a controlled substance and both courts determined that a laboratory report is necessary in those cases to convert the complaint into an information. The McMillan court specifically noted that a laboratory report was essential since in approximately 15% of the cases charging possession of a controlled substance the laboratory finds no controlled substance present.
It is for this very same clinical reason that this court finds a laboratory report essential in marihuana cases. A review of statistics maintained by the New York City Police Department indicates that common assumptions notwithstanding, bogus marihuana is frequently sold in New York City. Statistics from the New York City Police Department reveal that in 1987 of the total submissions to the laboratory for analysis, the following percentages for each substance resulted in a finding of no drug present: cocaine — 5%; marihuana — 4%; heroin — 2% (with a 1% margin of error for each drug).
Given the minor statistical difference for negative laboratory results between narcotic substances and marihuana, there can be no distinction between the two types of cases for purposes of requiring a laboratory report to enable the prosecution to move forward on a case. A police officer simply is not in a position to provide the factual predicate required for an information by his mere observation that a substance is marihuana. (CPL 100.15 [3].) As with a controlled substance, expert evidence is required.
It is perhaps ironic that increased sophistication in the drug market necessitates a return to the Kenny reasoning in a way the Court of Appeals did not then anticipate. But to hold otherwise would potentially subject people to prosecutions that could never be proven. (See, People v Ranieri, 127 Misc 2d 132 [NY County 1985]; People v Harvin, 126 Misc 2d 775 [Bronx County 1984].)
One final argument advanced by the People is that since a sale of marihuana charge can be established circumstantially, the accusatory instrument here still makes out a legally sufficient case without the filing of a laboratory report. The court in People v Hernandez (124 Misc 2d 376 [NY County 1984]) adopted this reasoning. However, the court there relied on a Federal case where some scientific confirmation of the presence of the drug was offered to establish the selling activity (citing People v Agueci, 310 F2d 817, in which a laboratory analysis indicated residue of a controlled sub *365 stance). More significantly, however, it is disingenuous of the People to claim to rely on circumstantial proof for purposes of finding an accusatory instrument legally sufficient when it is clear from the accusatory instrument itself that the People will seek to use direct scientific proof of the presence of marihuana at trial.
This is not to say that a sale case can never be made circumstantially without physical evidence. However, the accusatory instrument here belies this theory of prosecution. The undercover officer bought what he believed to be marihuana and the accusatory instrument relied on his examination of the substance purchased to establish probable cause. Under the circumstances here, the People were obligated to file a laboratory report. The People have offered no explanation for the delay of over six months in the filing of that report. For all of the reasons set forth above, defendant’s speedy trial motion is granted.

 It is not clear from either party’s papers why the case proceeded without being fully corroborated. However, neither side suggests defendant ever waived his right to prosecution by information on all charges. Therefore, I find that any issue on that point is not before the court.