OPINION OF THE COURT
Howard A. Ruditzky, J.
Defendant moves for a posttrial order, "reopening” a suppression hearing and dismissing the accusatory instrument as based on hearsay, pursuant to CPL 710.10 (4); 170.35, 170.40 and 170.65 respectively.
The People cross-move to recall a witness. Both motions are denied.
On December 16, 1993, defendant Jose Ramos was arrested and charged with unauthorized use of a vehicle, criminal mischief and criminal possession of stolen property. These charges were subsequently reduced to misdemeanors.
Prior to trial, defense counsel requested a Mapp hearing, seeking to "suppress the car.” A hearing was held on April 4, 1994 to determine whether defendant had standing. Judge Alan Lebowitz, of Criminal Court, Kings County, denied defense counsel’s request for the Mapp hearing and ruled that defendant had no standing.
Trial commenced on April 5, 1994. During cross-examinatian on April 5th and 6th, the complaining witness testified that he did not recognize the complaint, after being shown the document by defense counsel. Complainant testified that he "read some papers” before signing the corroborating affidavit, but he could not recall what they were. On re-direct examination by the People, complainant remained unable to recognize the complaint.
At the close of the People’s case, defense counsel requested a suppression hearing, and moved to dismiss the accusatory *747 instrument since the complaining witness was unable to recognize it at trial.
The People have cross-moved for an order allowing them to recall the complaining witness.
I. REQUEST FOR A SUPPRESSION HEARING
Although defense counsel has moved for an order "Reopening the Suppression hearing”, in fact no suppression hearing has been held on the Mapp issue. Judge Lebowitz previously ruled that defendant lacked standing, and defendant’s request for a Mapp hearing had been denied on April 4, 1994, as aforesaid.
This court sees no reason to now, posttrial, allow for a previously denied suppression hearing. CPL 255.20 pretrial motions mandate that "all pretrial motions shall be served or filed within [45] days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant prior to entry of judgment.” (CPL 255.20 [1].) Here, defendant made this instant motion approximately 120 days after arraignment and 5 days into trial — well beyond the 45 days set out by the statute.
CPL 710.40 (4) motion to suppress evidence states, in pertinent part: "If after a pre-trial determination and denial of the motion the court is satisfied, upon a showing by the defendant, that additional pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the motion, it may permit him to renew the motion before trial or, if such was not possible owing to the time of the discovery of the alleged new facts, during trial.”
Thus, while a court has discretion to allow a late suppression hearing, beyond the 45-day limit when pertinent facts are discovered by a defendant which could not have been discovered with reasonable diligence before trial, no such additional facts have been revealed here. The defendant had discovery in this case, including the on-line booking sheet and ECAB sheet and with "reasonable diligence” could have raised, for the second time, the issue of improper arrest well within the 45 days.
Therefore this court finds no basis for granting defendant a belated, untimely and previously denied Mapp hearing. (People v Luperena, 159 AD2d 727.) This portion of the motion is denied.
*748 II. REQUEST FOR AN ORDER DISMISSING THE ACCUSATORY INSTRUMENT
This portion of defendant’s posttrial motion is also denied.
Defense counsel asserts, in his affirmation in support of the motion to dismiss, that a misdemeanor complaint "can be used to start a criminal action but not as the basis of prosecution unless the defendant waives the right to be prosecuted by information pursuant to CPL 170.65.” However, CPL 170.65 (1) goes on to state:
"If the misdemeanor complaint is supplemented by a supporting deposition and such instruments taken together satisfy the requirements for a valid information, such misdemeanor complaint is deemed to have been converted to and to constitute a replacing information.
"2. An information which replaces a misdemeanor complaint need not charge the same offense or offenses, but at least one count.”
Thus, since it is uncontested that the complaining witness did read and sign a supporting deposition — the misdemeanor complaint is deemed converted into a replacing information. (CPL 170.65 [1]; People v Hernandez, 124 Misc 2d 376.)
The remaining issue, then, in defendant’s motion to dismiss the accusatory instrument, is whether the replacing information is sufficient. This court finds that it is.
A defendant may not be prosecuted except upon a verified instrument setting forth factual allegations on personal knowledge supporting the charge levied against a defendant. (CPL 100.10, 100.15 [3].) The facts alleged must be of actionable criminal conduct and must allege a legally sufficient case (People v Zombounis, 251 NY 94; People v Weinberg, 34 NY2d 429). The dual tests of legal sufficiency and specificity sufficient for the accused to make out the nature of the offense charged are met here.
"The test of sufficiency is * * * a recitation whereby the 'defendant should be informed of the nature of the charge against him and of the act constituting it, not only to enable him to prepare for trial, but also to prevent him from being tried again for the same offense.’ ” (People v Hernandez, supra, at 377.) The fact that the complainant, under cross-examination, could not specifically recognize the complaint should not render that instrument insufficient and deprive the court of jurisdiction. Here, it is uncontested that the witness *749 read and signed the supporting affidavit and remembered reading "some papers” before signing. His inability to identify the complaint itself, under cross-examination, goes to the credibility of the witness — a matter for the court to decide upon the totality of the circumstances — not to the jurisdictional sufficiency of the underlying accusatory instrument. (See also, People v Redding, 109 Misc 2d 487; People v Mercado, 123 Misc 2d 775.) Motion denied.
III. MOTION TO RECALL A WITNESS
The People have moved for an order allowing them to recall the complaining witness in order "to present the document the complaining witness read prior to signing the corroborating affidavit.”
While it is well established that it is within a court’s discretion to allow either side to recall a witness (see, e.g., People v Hendricks, 114 AD2d 510; People v O’Dell, 111 AD2d 937), no recall is required since "[r]ecall at a later point in the trial not only may inject untoward administrative burdens into litigation by reopening a whole range of prior testimony, but may also unfairly disadvantage the adversary in [her] ability to meet the proof [and may divert the fact finders’] attention away from the material issues of the case.” (Feldsberg v Nitschke, 49 NY2d 636, 644.)
The court finds that the defendant has been prosecuted under a sufficient accusatory instrument and no further questioning of the complainant is required. Motion denied.
The defendant’s motion and People’s cross motion are denied.