■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN HINES, Appellant. [736 NYS2d 879] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered May 21, 1999, convicting defendant, after a jury trial, of robbery in the first degree, assault in the first degree, criminal possession of a weapon in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him to an aggregate term of 20 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues concerning identification and credibility were properly considered by the jury and there is no basis upon which to disturb their determinations. The victim had several opportunities to observe his assailant's face, without obstruction, in two separate, well-lit areas. The requisite intent for the assault conviction could be readily inferred from defendant's conduct.

Defendant's claim on appeal that the court improperly precluded the testimony of a proposed witness concerning what she overheard the victim say about his purported financial interest in the outcome of the case is unpreserved (*see, People v George*, 67 NY2d 817), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly exercised its discretion in precluding this testimony, which was lacking in probative value due to the circumstances of the alleged encounter (*see, People v Thomas*, 46 NY2d 100, 105, *appeal dismissed* 444 US 891). Accordingly, there was no violation of defendant's right to present a defense (*see, Delaware v Van Arsdall*, 475 US 673, 678-679).

We perceive no basis for a reduction of sentence. Concur— Tom, J.P., Mazzarelli, Sullivan, Wallach and Marlow, JJ.