*306 OPINION OF THE COURT
Gerald Harris, J.
The defendant, Michael Dunkley, is charged with one count of resisting arrest (Penal Law § 205.30), one count of criminal possession of marijuana in the fourth degree (Penal Law § 221.15) and one count of criminal possession of marijuana in the fifth degree (Penal Law § 221.10 [1]).
The complaint alleges that defendant was observed holding a plastic bag containing marijuana. The officer swearing to the complaint, Police Officer Erik Marsala, alleges that he had professional training in the identification of drugs and prior experience in drug arrests, that the substance recovered was field tested and found to be marijuana and that an officer weighed the substance and determined that it weighed more than two ounces. A copy of a positive field test was served and filed. It reports a positive result for marijuana but does not describe the weight of the substance.
It is further alleged that defendant, after he was informed that he was under arrest, ran away from an Officer Giardella to prevent his arrest by that officer and that this was observed by Officer Marsala.
The defendant’s omnibus motion seeks the dismissal of all three charges in the complaint for facial insufficiency. The motion also seeks the suppression of physical evidence, statements and identification evidence and requests discovery, a bill of particulars and preclusion of the use of prior criminal history for cross-examination purposes. Finally, the motion requests that the People disclose the location of any observation post utilized by the police and the production of the physical evidence at any hearing which may be ordered.
Facial Sufficiency
In order to sustain the charge of Penal Law § 221.15, the People must establish that the defendant possessed a substance containing marijuana having an aggregate weight of more than two ounces. Normally, evidence of the weight requirement is met by the filing of a laboratory analysis which identifies the substance and reports its weight. Here, the People rely upon the observations of the deponent officer to establish the nature of the substance as marijuana, which conclusion is confirmed by a field test performed by a second officer. Officer Marsala’s conclusion, that the substance recovered is marijuana, is alleged to be based upon his professional training in the *307 identification of drugs, and his prior experience in making drug arrests, the odor of the substance and the manner of its packaging. Although the field test which corroborates his conclusion was performed by another officer whose credentials are not recited, the court finds that the combination of all these circumstances furnishes a reliable basis for inferring, for prima facie purposes, that the substance recovered from the defendant was marijuana. (People v Angel A., 92 NY2d 430 [1998]; People v Swamp, 84 NY2d 725 [1995].)
Although the police officer who is alleged to have weighed the substance is not identified in the complaint it would appear, from the language in the complaint, that this was done by the same officer who performed the field test. Again, although that officer’s credentials are not alleged, the court adopts the finding in People v Harvin (126 Misc 2d 775, 782 n 6 [Crim Ct, Bronx County 1984]), that “any police officer is capable of weighing the aggregate vegetable matter to determine the degree of the offense.” The court may infer that the information as to weight was communicated to the deponent officer and forms a reliable basis for concluding that the complaint sufficiently charges the defendant with violating Penal Law § 221.15 and defendant’s motion to dismiss that charge is denied.
As to the charge of Penal Law § 221.10 (1), the complaint must allege that the defendant knowingly possessed marijuana in a public place and that such marijuana was either burning or open to public view. The complaint alleges that the offense was committed in front of 519 8th Avenue, in New York County. Thus, the condition of possession in a public place is met. It is further alleged that the defendant was observed holding a plastic bag of marijuana in his hand. When that factual allegation is read together with the accusatory portion of the complaint it may be reasonably inferred, for pleading purposes only, that the marijuana was open to public view. Accordingly, the motion to dismiss the charge of Penal Law § 221.10 is denied.
Defendant’s motion to dismiss the charge of resisting arrest must also be denied. Defendant’s motion accurately refers to the requirement that the arrest must be an authorized arrest, which means that there existed probable cause to seize the defendant.
The deponent alleges in the complaint that he observed the defendant run from a second officer (Giardella) who was attempting to effectuate the arrest after the defendant had been *308 informed that he was under arrest. It is apparent from this recital that the two officers were acting together and were in close proximity to one another. From these factual allegations it may be further inferred that either the deponent, Officer Marsala, communicated his basis for arresting the defendant to his fellow officer or Officer Giardella made the same observations as were made by Officer Marsala. Since Officer Marsala, based on the assumed truth of the allegations contained in the complaint, had probable cause to arrest the defendant, and for the reasons set forth above, his knowledge is attributed to Officer Giardella, the complaint sufficiently sets forth allegations from which it may be inferred that the arrest was authorized.
Although the court finds that the complaint adequately pleads facts supporting the three charges set forth, the defendant’s motion sufficiently controverts those facts as to require a Dunaway / Mapp / Huntley and pre-Wade hearing. Since this hearing will have to deal with what the police officers were able to and did, in fact, see, the defendant must be furnished with appropriate information to test that issue. Accordingly, the People are directed to produce at the hearing the plastic bag together with its contents allegedly observed by the arresting officer. The People must also furnish to defense counsel, by August 1, 2002, the approximate location of the observation post, if there was one, or alternatively move forthwith for a protective order. If there was no observation post, the People should furnish, by August 1, 2002, the location from which the observations were made.
Discovery is granted to the extent of the voluntary disclosure form and bill of particulars furnished by the People. The issue of precluding use of prior history for cross-examination of the defendant is referred to the trial court.