OPINION OF THE COURT
Dan Lamont, J.
The indictment charges the defendant with one count of crim *224 inal sale of marihuana in the third degree, a class E felony, and one count of criminal sale of marihuana in the fourth degree, a class A misdemeanor. The charges are: first count, that on or about January 10, 2008, at approximately 4:26 p.m., on Main Street, Town of Coeymans, Albany County, the defendant Shawn Ubrich did knowingly and unlawfully sell one or more preparations, compounds, mixtures or substances with an aggregate weight of more than 25 grams containing marihuana; second count, that on or about December 29, 2007, at approximately 3:57 p.m., at 9 Westerlo Street, Town of Coeymans, Albany County, the defendant Shawn Ubrich did knowingly and unlawfully sell one or more preparations, compounds, mixtures or substances with an aggregate weight of more than two grams containing marihuana.
Defendant by omnibus motion moves this court for an order granting various forms of pretrial relief. Based upon the following determination, the court will only consider defendant’s motion to dismiss the indictment based upon the alleged insufficiency of the evidence before the grand jury. This court has examined the stenographic minutes of the grand jury proceeding resulting in the instant indictment. Release of the grand jury minutes to counsel is not necessary to assist the court in making its determination on the motion.
Criminal Procedure Law § 190.65, “Grand jury; when indictment is authorized,” provides in part as follows:
“1. Subject to the rules prescribing the kinds of offenses which may be charged in an indictment, a grand jury may indict a person for an offense when (a) the evidence before it is legally sufficient to establish that such person committed such offense provided, however, such evidence is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction for such offense is absent, and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense.” (Emphasis supplied.)
The grand jury may indict a person for an offense when it possesses legally sufficient evidence that also establishes reasonable cause to believe that such person has committed such offense (People v Hackett, 228 AD2d 377 [1st Dept 1996], lv denied 88 NY2d 986 [1996]). In People v Swamp (84 NY2d 725 [1995]) the Court of Appeals stated:
“The first prong of the statute requires that the *225 People present a prima facie case; the second ‘dictates the degree of certitude grand jurors must possess to indict’ (People v Jennings, 69 NY2d 103, 115). On a motion to dismiss an indictment under CPL 210.20 (1) (b), the court is limited to consideration of the first prong, legal sufficiency of the evidence. Inquiry into the adequacy of the proof to establish reasonable cause — the ‘degree of certitude’ the evidence provides — is exclusively the province of the Grand Jury (CPL 190.65 [1] [b]; People v Jennings, 69 NY2d, at 115).” (Id. at 729-730.)
The grand jury’s primary function is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution (see People v Swamp, supra). “The reviewing court must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted — and deferring all questions as to weight or quality of the evidence — would warrant conviction” (id. at 730, citing People v Mikuszewski, 73 NY2d 407, 411 [1989], and People v Jennings, 69 NY2d 103, 114-115 [1986]).
In People v O’Neill (285 AD2d 669 [3d Dept 2001]), the Appellate Division, Third Department, wrote:
“ ‘[I]n a drug-related prosecution, the People’s case is legally sufficient if the evidence provides a “reliable basis” for inferring the presence of a controlled substance . . . [but m]ore than conclusory assertions that the defendant possessed a drug are required at the Grand Jury stage’ (People v Swamp, 84 NY2d 725, 730 [citation omitted]). At trial, drug users who can demonstrate a knowledge of the narcotic are competent to testify in situations where the illegal substance is not available for analysis (see, People v Christopher, 161 AD2d 896, 897, lv denied 76 NY2d 786; People v Mullen, 152 AD2d 260, 266). The focus of the inquiry is on ‘ “the experience of the witness and the nature of his [or her] qualifications to identify the substance at issue” ’ (People v Czarnowski, 268 AD2d 701, 702)” (285 AD2d at 671-672 [citations omitted]).
In People v Kenny (30 NY2d 154 [1972]), the Court of Appeals held that the People’s witness lacked sufficient experience and qualifications and therefore lacked a reliable basis to establish the identity of marihuana — the essence of the crime charged. *226 There appears to be a split in reported trial court level decisions as to whether or not a trained police officer’s testimony that a substance is marihuana, without the benefit of a field test, is legally sufficient evidence to convert a misdemeanor complaint into an information (People v McGriff, 139 Misc 2d 361 [Crim Ct, NY County 1988] [police officer testimony insufficient]; People v Harvin, 126 Misc 2d 775 [Crim Ct, Bronx County 1984] [police officer testimony insufficient]; People v Escalera, 143 Misc 2d 779 [Crim Ct, NY County 1989] [detailed police officer testimony probably sufficient, but not decided since a field test was done]; People v McMillan, 125 Misc 2d 177 [Crim Ct, NY County 1984] [police officer testimony alone sufficient]). This court did not find any reported New York State appellate court decision or superior court decision holding that a trained police officer’s testimony without a field test constitutes legally sufficient evidence before a grand jury to sustain an indictment charging criminal possession or criminal sale of marihuana.
In this case, no evidence of any field test or formal laboratory analysis was presented to the grand jury regarding the alleged marihuana. By way of analogy based upon the cases cited hereinabove and the facts of this case, this court holds and determines that the testimony of two police officers, albeit trained police officers, standing alone does not constitute legally sufficient evidence that the alleged substance was marihuana. This court finds such a holding entirely appropriate under the logic espoused by the Court of Appeals in People v Swamp (supra) — particularly where a relatively inexpensive and generally reliable field test is readily available to police agencies.
Accordingly, this court holds and determines that both counts of the instant indictment should be and the same are hereby dismissed based upon a lack of legally sufficient evidence presented to the grand jury. The People are granted leave to represent the charges to another grand jury. The remainder of defendant’s omnibus motion is hereby denied as moot.
Criminal Procedure Law § 210.45 provides in applicable part as follows:
“9. . . . Such order must be accompanied by a securing order either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the sheriff pending submission of the case to the grand jury and the grand jury’s disposition thereof. Such securing order remains in effect until the first to occur of any of the following:
*227 “(a) A statement to the court by the people that they do not intend to resubmit the case to a grand jury;
“(b) Arraignment of the defendant upon an indictment or prosecutor’s information filed as a result of resubmission of the case to a grand jury. Upon such arraignment, the arraigning court must issue a new securing order;
“(c) The filing with the court of a grand jury dismissal of the case following resubmission thereof;
“(d) The expiration of a period of forty-five days from the date of issuance of the order; provided that such period may, for good cause shown, be extended by the court to a designated subsequent date if such be necessary to accord the people reasonable opportunity to resubmit the case to a grand jury.”
Accordingly, this decision/order also constitutes a securing order fixing bail in the amount of $5,000 as previously posted and continuing the defendant on $5,000 bail pending resubmission of the case to the grand jury and the grand jury’s disposition thereof.