THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO PEREYRA, Appellant. [882 NYS2d 30]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered July 1, 2008, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of four years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The jury properly drew the inference permitted by Penal Law § 265.15 (3) that defendant possessed the pistol found in the car he was driving, and discredited testimony that was offered to rebut this inference (*see People v Lemmons*, 40 NY2d 505, 510 [1976]; *People v Lynch*, 116 AD2d 56, 60 [1986]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *see People v Sandoval*, 34 NY2d 371 [1974]). Defendant's prior conviction for attempted criminal possession of stolen property is the sort of theft-related bad act that directly reflects on his credibility. Since defendant did not, in fact, receive youthful offender treatment, this conviction was a proper subject for impeachment purposes. Although defendant

claims he had been a mandatory youthful offender (see CPL 720.20 [1] [b]), he never challenged the prior conviction by way of appeal or otherwise; in any event, the record does not establish that he met the statutory criteria for mandatory youthful offender treatment.

By failing to make a suitable offer of proof explaining the purpose of his questions, defendant failed to preserve his argument that the trial court unduly limited his cross-examination of a police officer concerning the possible connection of other occupants of the car to the pistol (see People v George, 67 NY2d 817, 818-819 [1986]; People v Ramos, 273 AD2d 10 [2000], lv denied 95 NY2d 856 [2000]). Furthermore, defendant never asserted a constitutional right to pursue any particular inquiry. Accordingly, defendant's present claims relating to his cross-examination of the officer are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Defendant received an adequate opportunity to present to the jury his claim that the pistol may have been attributable to one of the passengers, who were also arrested, and there was no violation of defendant's right to cross-examine witnesses and present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]; Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).

Defendant's challenges to the court's denial of his suppression motion are without merit. Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Freedman, JJ.