OPINION OF THE COURT
Carol H. Arber, J.
Defendant, Oresto Ranieri, was arrested on May 18,1984, and charged with criminal possession of marihuana pursuant to Penal Law § 221.10. On December 4, 1984, defendant moved to dismiss the complaint pursuant to CPL 30.30 on the grounds that the People have failed to provide defendant with a speedy trial.
Since the offense defendant is charged with is a class B misdemeanor, the People have 60 days within which to be ready for trial (CPL 30.30). The question is whether the People have been ready within that time period. The defendant argues that the People have never been ready as they have not (even on the day this motion was submitted for decision) procured a laboratory report. It is defendant’s position that the complaint is not converted to an information until such a report is filed. (See, People v Colon, 59 NY2d 921; People v Sturgis, 38 NY2d 625.)
A number of decisions have been written as to whether the People have an obligation to produce a lab report as the basis of keeping the defendant incarcerated on a misdemeanor drug case. (People v McMillan, 125 Misc 2d 177; People v Hernandez, 124 Misc 2d 376.)
*133 CPL 100.10 (4) provides that a misdemeanor complaint may be sufficient to commence criminal proceedings only where defendant has waived his right to be prosecuted by information pursuant to CPL 170.65. CPL 170.65 indicates that a defendant need not enter a plea to a misdemeanor complaint until and unless it has been converted to an information.
The courts have, therefore, recognized that the misdemeanor complaint is a hearsay instrument. (People v Frank, 65 Misc 2d 488.) The hearsay nature of a complaint can be dispelled only by corroboration and in a drug case the only means of verifying the hearsay allegation of possession of drugs is by way of scientific testing to confirm the allegation. The laboratory report is, therefore, essential to confirm the presence of the substance charged and to overcome the hearsay nature of a misdemeanor drug charge. To hold otherwise would be giving license to the prosecution to proceed on the observation of police officers who, because they have observed drugs before, might feel assured based on observation that a particular substance is controlled. Current laboratory statistics reveal that at least 15% of all defendants charged with possessing controlled substances, in fact did not possess any. (See, People v McMillan, supra, at p 179.) Therefore, to permit an allegation of possession of marihuana or controlled substance without the support of a lab report to verify the charge is akin to allowing the People to proceed on a misdemeanor complaint without converting it into verified allegations, in violation of CPL 170.65. Moreover, it would mean in effect that the courts are eliminating the presumption of innocence as to the 15% margin of error.
In the instant case, the sole charge against the defendant is criminal possession of marihuana. The allegation in the complaint is that the arresting officer recovered four pink bags from the ground at defendant’s feet, allegedly “containing marihuana from a paper bag”. Thus, if the bags fail to contain marihuana, the complaint must be dismissed. Unlike some marihuana cases where the officer observes the defendant with a “joint” or “smoking” it, it would be difficult for the officer to see through the bags to ascertain their contents. Moreover, with some degree of regularity, arrests for possession of marihuana turn out to be possession of another and noncontrolled substance once it has been analyzed by the laboratory. Thus, even the expertise of police officers (alluded to in the People v McMillan decision, supra, at p 180) occasionally fails to uncover marihuana. It is, therefore, clear that the only way such a complaint can be corroborated, no less proved beyond a reasonable doubt, is by supportive scientific proof.
*134 In the instant case, the People did not controvert the defendant’s assertion that the complaint is not corroborated without a laboratory report. Rather, they argued that only 47 includable days had passed and they therefore still have time to file one. The basis for this contention is that defendant made a motion for hearings and discovery.
Case law is clear that until a complaint is corroborated, all time is chargeable to the People so long as the defendant appears. (See, People v Webb, 105 Misc 2d 660; People v Zisis, 113 Misc 2d 998, 1004; People v Arturo, 122 Misc 2d 1058; CPL 240.20.) Defendant should not be penalized for efforts to save court time by filing motions in anticipation of corroboration.
In computing the time periods in this matter, it appears that defendant was arraigned on June 5, 1984. Since no lab report was presented by the People even up to the time this matter was submitted for decision, it is clear that the People have failed to corroborate this matter within the 60-day period permitted by CPL 30.30 and the matter must therefore be dismissed.