Smith, J.
(dissenting). I agree with the trial court that the evidence before the Grand Jury was not legally sufficient. I would reverse the order of the Appellate Division and dismiss the indictment.
The facts of the case are undisputed. Defendant was detained in the Town of Massena, St. Lawrence County, by a United States Customs Officer on April 24, 1992 after he crossed the International Bridge from Canada. The testimony *734 before the Grand Jury was that his automobile was searched and a bag containing white powder found. In addition, the defendant was searched and white powder and pills were found on him. A NIK field test (Scott-Reagent test) was positive for cocaine. Defendant was arrested. At the subsequent Grand Jury proceeding, no laboratory test report was introduced. Rather, the People introduced the testimony of a police officer concerning the NIK field test. In addition, the People introduced evidence that they looked through a book known as the Physician’s Desk Reference in order to determine that the pills were valium.
Defendant was indicted for the criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5] —cocaine) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03 — valium). The trial court dismissed these charges, noting that while the field tests were sufficient for an arrest, they were insufficient for indictment. The Appellate Division reversed, stating that there was nothing in the record to indicate that the NIK field test was insufficient to establish a prima facie case and that a challenge to the scientific test should await appropriate pretrial proceedings.
CPL 190.65 (1) authorizes an indictment (1) when the evidence before the Grand Jury "is legally sufficient to establish that [the defendant] committed such offense” and (2) when "competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense.” CPL 70.10 (1) defines legally sufficient evidence as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof.”
At the heart of the dispute here is whether a NIK field test is legally sufficient, that is, competent evidence which would establish every element of the crime charged. In my view, it clearly is not.
The NIK field test, standing alone, is insufficient to establish a prima facie case of cocaine possession. It is a test enabling a police officer to presume the existence of a controlled substance. This Court has never previously held that such a field test was a legally sufficient basis for indictment (CPL 190.65). The decision of the trial court was consistent with those cases requiring a laboratory report for the prosecution of, as opposed to the arrest of, an individual. (See, People v Brightman, *735 150 Misc 2d 60; People v James, 138 Misc 2d 920; People v Burton, 133 Misc 2d 701; People v Ranieri, 127 Misc 2d 132; People v McMillan, 125 Misc 2d 177.)
There is no showing here that the field test was generally accepted as reliable under Frye v United States (293 F 1013). It is worth noting that the rules and regulations governing institutional security refer to a NIK field test as one where a single test may or may not yield a valid result and one where a complete laboratory analysis is required for a qualitative conclusion. 7 NYCRR 1010.5 (d) reads, in part, as follows:
"The NIK Narcotics Identification System is based upon a polytesting procedure whereby a suspect material is subjected to a series of progressively discriminating screening tests. The results of a single test may or may not yield a valid result. However, the sequential results of several tests, if they all indicate a positive reaction for a particular substance, allows a high degree of certainty that the suspect material is in fact what the NIK polytesting system indicates it to be.
"Experiments have been and continue to be conducted with hundreds of licit and illicit chemical compounds in a continuing effort to eliminate false positive and false negative calorimetric chemical reactions. No chemical reagent system adaptable to field use exists that will completely eliminate the occurrence of the occasional invalid test result. A complete forensic laboratory would be required to qualitatively and quantitatively identify an unknown suspect substance. In the absence of such a laboratory facility, the NIK system, utilizing the recommended polytesting procedure, is your best assurance that the presumptive results of a positive identification are what they appear to be” (emphasis supplied).
The opinion of the majority raises two immediate questions. The first is that assuming a laboratory examination made before trial reveals the absence of cocaine, does the defendant then have the right to move to dismiss on the ground that the evidence before the Grand Jury was not legally sufficient? The clear answer must be yes.
Second, and particularly troubling, is the fact that a NIK field test rather than a laboratory examination is now suffi *736 cient to convict a person for possession of cocaine. The requirement of legally sufficient evidence is the same before the Grand Jury (CPL 190.65, 70.10), on a motion to dismiss an indictment (CPL 210.30) and at trial, on a motion for a trial order of dismissal (CPL 290.10). The evidence which is legally sufficient to indict must be legally sufficient to convict unless there is some explanation. A defendant should not be forced to defend an indictment where the sole charge is cocaine possession and the prosecution has not determined that the substance in question is really cocaine. The majority’s decision, in effect, places the burden on the defendant to come in and explain away evidence that this Court has found legally sufficient, a conclusion with obvious constitutional implications. The decision today permits a Grand Jury to indict and a petit jury to convict on less than legally sufficient evidence, that is, on the presumption that cocaine is present.
A determination prior to trial of whether evidence before the Grand Jury is legally sufficient is appropriate and consistent with the statutory requirements of CPL article 255. That article requires that pretrial motions, including motions to dismiss an indictment, be made in one omnibus motion. In other words the appropriate procedure to determine that evidence before the Grand Jury is competent and establishes every element of the crime charged is by a pretrial motion. If there is any doubt that the evidence is legally sufficient, a court should order a hearing pursuant to CPL 210.45. Thus at the very least a hearing is required to show that the NIK field test establishes all of the elements of the charge.
People v Oakley (28 NY2d 309) is not grounds for upholding the indictment. The issue there was identification. Following the indictment and a motion to suppress identification evidence, the court ruled that showing the defendant alone to the victim was improper. Nevertheless, the in-court identification of the victim was found to have an independent source. Some of the evidence before the Grand Jury was thus clearly competent.
In my view the difference between the majority and dissent is simple but crucial. I believe that an accurate analysis of the substance believed to be cocaine is necessary for the Grand Jury to conclude that there is legally sufficient evidence on which to indict. The Grand Jury’s conclusion should not be based upon an analysis which is known to sometimes produce inaccurate results and is acknowledged by those using the test to be insufficient for a definitive conclusion of cocaine.
*737 Finally, a laboratory analysis which demonstrated the absence of cocaine would necessarily lead to a dismissal of the indictment based upon the fact that the People could not establish a prima facie case. This would be true whether the motion was made by the People or by the defendant (consistent with the majority’s view) pursuant to CPL 210.20 (1) (h).
Accordingly, I would reverse the order of the Appellate Division.
Judges Simons, Titone, Bellacosa, Levine and Ciparick concur with Chief Judge Kaye; Judge Smith dissents and votes to reverse in a separate opinion.
Order affirmed.