Froessel, J.
Defendant was charged with violation of subdivision 1 of section 100 of the Alcoholic Beverage Control Law (unlicensed sale of alcoholic beverages). After reversal of her conviction upon an alleged plea of guilty on the grounds hereinafter stated, the case went to trial. Before presentation of any evidence, defendant moved for a dismissal of the information on the ground that it was legally insufficient because based on information and belief without a statement of the sources of the information. The information itself, after the statement charging the crime, reads as follows:
“ This information is based on information and belief and on the oral statements of witnesses.
Wherefore your informant prays that the deposition of informant and , witness, may be reduced
to writing and duly subscribed, and that a warrant *484 issue for the arrest of said accused, and that he be dealt with pursuant to the provisions of the Code of Criminal Procedure.”
Immediately after denial of the motion, the District Attorney submitted two written statements upon which the oral statements referred to in the information were said to have been based. The signers of these statements, two paid informants of the District Attorney, thereupon testified at the trial.
Upon this appeal defendant, among several grounds for reversal, urges that since the information is founded on information and belief, without statement of the sources thereof, it was legally insufficient even though used solely as a pleading and not as a basis for issuance of a warrant. The form of the information indicated that it was intended to serve as a basis for the issuance of a warrant but, as defendant submitted to an illegal arrest, no warrant was required.
This objection was not waived by defendant when she first pleaded guilty under conditions which the County Court said “ do not indicate that the defendant acted freely, understandingly, competently and intelligently ’ ’. After the County Court reversed that conviction, and when defendant obtained counsel, she moved on this trial to dismiss the information promptly. Thus cases stating that a guilty plea waives the defect in the information are not here apt (People v. Fosella, 304 N. Y. 667; People v. Brous, 296 N. Y. 1028; People v. Scott, 3 N Y 2d 148, 152; People v. Belcher, 302 N. Y. 529, 534).
Neither has the submission of the two statements of the prosecution witnesses any relevance here. According to the trial minutes, these statements were submitted to the court by the District Attorney for the first time, and without moving for an amendment of the information, after the Trial Judge had denied defendant’s motion to dismiss the information, and after defendant had excepted to that ruling. Although the District Attorney stated that the written statements were the basis of the oral statements referred to in the information (no written statements were referred to therein), an examination of the information and the statements does not show this to be the fact. Though sworn to on the samé day, they were verified before different notaries public, and the information and statements in nowise refer to one another. Thus we do not feel that these statements cured the failure of the informa *485 tion to state the sources of information and belief; the information merely alleged plain hearsay from unidentified “ witnesses ”.
We are here squarely presented with the question whether as a matter of policy we should hold that informations, when used solely as a pleading, should be sworn to by a person competent to testify as to the facts recited therein — a question we indicated to be “open” in People v. Belcher, supra — or whether the information should be supported by depositions by such persons, or that at least the identifiable sources of such information and the grounds of such belief be stated.
It is well-settled law that where an information is used as the basis for the issuance of a warrant of arrest or subpoenas, it is insufficient if it rests on information and belief without a statement of the sources of the information and grounds of the belief. Among the cases in our court taking this view are: People v. Lederle (309 N. Y. 866); People v. O’Neil (303 N. Y. 747); People v. Bertram (302 N. Y. 526); People v. Belcher supra; People ex rel. Perkins v. Moss (187 N. Y. 410); People ex rel. Livingston v. Wyatt (186 N. Y. 383). The reasons for this rule are said to be that a reasonable guarantee of probable cause is required before interference with a person’s liberty, ensuing from the issuance of a warrant, is justified (People ex rel. Livingston v. Wyatt, supra, p. 392; see Matter of Blum, 9 Misc. 57; see, also, U. S. Const., 4th Amdt., and Civil Eights Law, § 8), and that such probable cause is not shown where the information is based solely on information and belief without a statement of the sources thereof and the grounds of belief.
In People v. Scott (3 N Y 2d 148), handed down after the County Court had decided the instant case, we dealt with a problem closely analogous to that presented here. There we were faced with the question of whether the same reasons of policy which required an information to be verified when used as the basis for the issuance of a warrant should be applicable when the information was used as a pleading. We stated that they were. In our opinion the same considerations which led us to that conclusion in the Scott case should lead us to hold this information insufficient.
If defendant is entitled to be protected against groundless criminal proceedings by assurance that the informant has *486 reasonable grounds for his belief that defendant has- committed a crime, and if it is believed that Stich protection is assured by requiring the information to contain “ legal evidence” of the commission of á crime (see People v. Belcher, 302 N. Y. 529, 534-535, supra; People v. Sorg, 3 Misc 2d 437), such protection should be afforded Whether the prosecution is- instituted by a warrant of arrest, an illegal arrest to which defendant consents, or even a voluntary appearance on the part of defendant.
In this sense, the information, whether used as- the basis for issuance of a Warrant or Subpoenas, or only as a pleading1,- has a function in addition to informing defendant of the charge against him and barring subsequent prosecution for the same offense. It exposed this defendant to the necessity of procuring bail in default of which she would be imprisoned — as indeed almost happened in this case. It is also the formal charge against defendant ■ the paper Which institutes the prosecution against her. It is in this context that reasonable guarantees against baseless prosecutions not predicated on probable cause must be considered, and it is in that light that we believe the requirement that an information be based on competent legal evidence be observed, or that the information be supported by depositions, or that at least the sources of information and grounds of the belief be stated. It would be manifestly unjust to charge persons with crime on pure unidentifiable hearsay.
We might note that in other contexts a similar approach has been adopted towards affidavits based solely on information and belief without a statement of the sources thereof. In People ex rel. de Martini v. McLaughlin (243 N. Y. 417, 419-420), we said that such affidavits would be insufficient to overcome “ the danger of a removal (on extradition) that is merely ignorant or WantOU.’’ And in People ex rel Livingston v. Wyatt (186 N. Y. 383, supra) at page 392, judge Vann wrote;
“ The statute does hot permit simple hearsay to become the Sole basis Of such a proceeding. The highest care of the law is personal liberty, and construing the statute in the light of that principle, We think that the respondent was Without jurisdiction to entertain the proceeding Or to require the attendance Of witnesses, because sufficient proof was not laid before him.” (Emphasis supplied.)
*487 As long ago as 1875, it was said in Mowry v. Sanborn (65 N. Y. 581, 584) :
“ ‘ It may, as a general rule, be safely affirmed that, in the sense qf the law, a general assertion of a fact in an affidavit upon information and belief proyes nothing. * * * The commonest pr-qqess in, our courts designed to affect the property or person of a party which do not issue, of course. cannot be properly-obtained upon sworn statements made upon informa-, tion and belief pnlyV ■’
As Judge Crake wrote in People, y. Zambounis (251 N. Y. 94, 97):
“ Forms and procedures still have their place and purpose in the administration of the law; without them we would have chaos
Indeed, the peculiar facts of this case present a cogent reason for the application of this rule. This information was in form intended to be the basis for the ‘ ‘ deposition of informant ’ ’ and for the issuance of a warrant of arrest, and it so explicitly stated, but no depositions were referred to nor annexed- Moreover, as defendant, a lay person, did not. object to the illegality of her arrest by a ¡State policeman, the information is said to be validated as its sole remaining function was as a pleading. To support such a rgsult would, in our opinion, reward the prosecution for the illegality of the arrest by giving the magistrate jurisdiction on the basis of what would otherwise be an insufficient information, and this should not be countenanced.
We have examined into the other errors assigned by appellant and found them to be without merit.
Accordingly, since timely objection was taken to the sufficiency of the information at the very outset of the trial, the order and judgment appealed from should be reversed and the information dismissed.