OPINION OF THE COURT
Anthony Corso, J.
The defendant is charged with a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law. On August 28, 1978 the defendant moved to dismiss the accusatory instrument. In its answering affidavits the People argued that the instrument, though based on information and belief without stating the source of the information and belief, conformed to the requirements of CPL 100.15, and as such was sufficient as a misdemeanor complaint. In an order dated October 4, 1978 this court denied the motion to dismiss.
Subsequently the defendant has indicated to the court that it failed to consider his replying affidavit in rendering that order and accompanying opinion. He has requested the court to reconsider the motion and to take into account the reply.
Upon reading the reply the court now has a better understanding of the defendant’s motion. Construing this request as a motion to reargue, the motion is granted and the accusatory instrument is dismissed.
*1021 In his reply the defendant has argued, "[i]t is respectfully submitted that if the Court should determine that the accusatory instrument is in fact a misdemeanor complaint, it would still be defective in that the instrument does not mention nor provide the source of the information and belief. For a misdemeanor complaint to be properly drawn the person alleging the facts which constitute criminal conduct on the part of the defendant must state the source of the said information and belief.”
The court agrees. In People v James (4 NY2d 482) the Court of Appeals, in a pre-CPL case, considered the sufficiency of an information based on information and belief where the source of the information and belief was not disclosed. It held the instrument insufficient.
Quite clearly it would be improper to apply the holding of that case to test the sufficiency of a misdemeanor complaint, without any further discussion. First, before the enactment of the CPL there was no accusatory instrument which was called or served the function of a misdemeanor complaint. (Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.10, p 367.) Further, it is provided in CPL 100.10 (subd 4) that the misdemeanor complaint may serve "as a basis for the commencement of a criminal action, but it may serve as a basis for prosecution thereof only where a defendant has waived prosecution by information pursuant to subdivision three of section 170.65.” Thus, it may be argued, any prejudice to the defendant resulting from the commencement of an action on an accusatory instrument based on information and belief from an undisclosed source, must be remedied prior to trial unless the defendant consents otherwise. In addition, CPL 100.15 (subd 3) indicates that the factual allegations of a misdemeanor complaint may be based upon information and belief and nowhere does it state that the source must be disclosed.
Therefore, it is not the holding of People v James (supra) which in and of itself persuades this court that a misdemeanor complaint based upon information and belief must state the source.
In the James decision, the court reviewed prior court rulings which considered the sufficiency of accusatory instruments for various purposes and stated (supra, p 485), "[i]t is well-settled law that where an information is used as the basis for the issuance of a warrant of arrest or subpoenas, it is *1022 insufficient if it rests on information and belief without a statement of the sources of the information and grounds of the belief * * * The reasons for this rule are said to be that a reasonable guarantee of probable cause is required before interference with a person’s liberty, ensuing from the issuance of a warrant, is justified * * * and that such probable cause is not shown where the information is based solely on information and belief without a statement of the sources thereof and the grounds of belief.”
Among the authorities cited in support of this rule was the Fourth Amendment of the United States Constitution.
The question to be decided is whether the misdemeanor complaint is sufficient on its face as prescribed by CPL 100.40 or could be made so by the available facts or evidence. (CPL 140.45.) If not, it must be dismissed.
CPL 100.40 (subd 4) which incorporates the requirements of CPL 100.15, does not, as noted above, explicitly require that the source of the information and belief be stated. However, considering an additional section of the CPL along with the People v James (4 NY2d 482, supra) decision it seems to this court that the present instrument, purported to be a misdemeanor complaint, cannot provide the reasonable cause required by CPL 100.40 (subd 4, par [b]).
Again, as noted above, the Court of Appeals has held that in order for an accusatory instrument to serve as the predicate upon which a warrant of arrest may be issued it must provide the minimal "reasonable guarantee of probable cause”. (People v James, supra, p 485.) And it was clearly stated that an accusatory instrument based upon information and belief without stating the source does not meet this requirement.
CPL 120.20 concerns the issuance of a warrant of arrest. Subdivision 1 of that section provides that an accusatory instrument, necessarily including a misdemeanor complaint (CPL 1.20, subd 1), can serve as the predicate for issuing a warrant of arrest if it is sufficient on its face. Thus, unless the term "sufficient on its face” requires that a misdemeanor complaint based upon information and belief state the source, there is a conflict between the statute and the James (supra) decision. The statute might be unconstitutional.
But, if "sufficient on its face” means the source of the information and belief be disclosed, there is no conflict and no constitutional dilemma. The court is inclined to accept this more harmonic approach. A misdemeanor complaint, based *1023 upon information and belief without disclosing the source of the information and belief is not sufficient on its face within the meaning of CPL 100.40 (subd 4).
Accordingly, the instrument presently before the court is dismissed.