OPINION OF THE COURT
Madeleine A. Fitzgibbon, J.
Defendant, charged in 10 simplified traffic informations with multiple violations of the Vehicle and Traffic Law, moves to dismiss on the ground the informations are defective for *707 failing to meet the sufficiency requirements of CPL 100.40 (2) (see, CPL 170.30 [1] [a]; 170.35 [1] [a]). He maintains the defectiveness arose from the failure to furnish him with supporting depositions despite his timely request (see, CPL 100.40 [2]; 100.25 [2]).
When the underlying accusatory instruments are simplified traffic informations,* as in the case sub judice, if the defendant is not provided with adequate supporting depositions of the complainant officer within 30 days of a timely demand, the instruments are insufficient and must be dismissed (CPL 100.40 [2]; People v Thumser, 148 Misc 2d 472). An adequate supporting deposition is one "providing reasonable cause to believe that the defendant committed the offense * * * charged” (CPL 100.25 [2]). " 'Reasonable cause’ * * * exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that [the] offense was committed and that [the defendant] committed it. Except as otherwise provided in this chapter, such apparently reliable evidence may include or consist of hearsay” (CPL 70.10 [2]).
The People take the position that supporting depositions which satisfy these criteria appear on the simplified informations themselves, and that consequently they did not have to send defendant additional supporting depositions. The court is in agreement with the People that if the allegations on the simplified informations satisfy the statutory requirements, then additional depositions need not be sent (see, People v Key, 45 NY2d 111; People v Howell, 158 Misc 2d 653). The court also observes that, in any event, the People are not required to notify a defendant of the right to a supporting deposition.
Two of the simplified informations are based on both hearsay information and the firsthand knowledge of the complainant officer. One instrument contains a charge of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]). The facts recited by the complainant on the simplified information are that on a specified date, time and place, defendant operated a motor *708 vehicle, also specified, "while lie. [sic] suspended”. The source of the hearsay knowledge of the complainant officer that the license was suspended is not given.
The question is whether a supporting deposition based in part on hearsay is sufficient if the complainant does not provide the source of that hearsay. In People v Pleva (96 Misc 2d 1020) the court evaluated the sufficiency of a misdemeanor complaint which did not provide the source of the hearsay knowledge of the complainant. The factual allegations of a misdemeanor complaint, in addition to satisfying the requirements of CPL 100.15, must meet the same standard of sufficiency that the Legislature has mandated for the factual allegations of a supporting deposition in CPL 100.25 (2), that the allegations must "provide reasonable cause to believe that the defendant committed the offense charged” (CPL 100.40 [4] [b]; cf, CPL 100.25 [2]). Consequently, although the Pleva court did not have the question of the sufficiency of a supporting deposition to a simplified information before it, its ruling is pertinent here. The court in Pleva held that the source of the hearsay knowledge must be stated for a misdemeanor complaint to be sufficient (People v Pleva, 96 Misc 2d 1020, 1021, 1022-1023). The rationale of the court was predicated on the ability of a misdemeanor complaint to support the issuance of an arrest warrant, but only if it is "sufficient on its face” (CPL 120.20 [1]), juxtaposed with the common-law rule that an accusatory instrument used as the basis for the issuance of a warrant is not sufficient on its face "if it rests on information and belief without a statement of the sources of the information and grounds of the belief’ (People v James, 4 NY2d 482, 485). The court harmonized the requirement of sufficiency under CPL 100.40 (4) with the requirements for sufficiency under People v James by ruling that for a misdemeanor complaint based on information and belief to be sufficient, the sources of the information and belief must be stated.
Unlike a misdemeanor complaint, a simplified traffic information cannot serve as the basis for the issuance of an arrest warrant (CPL 120.20 [1]), and so the factor which the Pleva court found critical to its determination is not present in the case sub judice, involving simplified traffic informations and their supporting depositions. However, because the same term, "reasonable cause to believe that the defendant committed the offense charged”, is used to define the sufficiency of both *709 misdemeanor complaints and the supporting depositions of simplified informations, a ruling that the source of the hearsay must be stated in the misdemeanor complaint situation but not in the simplified information/supporting deposition context would be untenable. Apart from consistency, however, an additional consideration supporting the disclosure of the source of the hearsay knowledge of the complainant officer exists. Whatever the accusatory instrument is under which he is charged, a defendant stands accused of offenses, including crimes, for which criminal sanctions will be imposed upon an adjudication of guilt. Under such circumstances, to require at the outset of the prosecution some substantiation of the charge, in the form of a statement from the complainant officer of the source of her hearsay knowledge, when a defendant has demanded a supporting deposition, assures that the defendant’s right to due process is preserved in a prosecution predicated on a simplified traffic information. The court rules, then, that the deposition supporting a simplified traffic information, to the extent it is based on information and belief, must contain a statement of the source of that information and belief if it is to be sufficient on its face.
In docket number 3346496, containing the Vehicle and Traffic Law § 511 (1) (a) charge, the complainant officer has not specified the source of his information that the license of defendant was suspended. Docket number 3405443 contains the Vehicle and Traffic Law § 511 (2) (a) (iv) charge, aggravated unlicensed operation of a motor vehicle, second degree, based on more than three suspensions imposed on three different dates. The complainant officer does not provide the source of his knowledge about the suspensions. The court finds docket numbers 3346496 and 3405443, containing charges of the violation of Vehicle and Traffic Law § 511 (1) (a) and (2) (a) (iv), are insufficient for their failure to contain a statement of the source of the information and belief on which they are partially based. The motion to dismiss them is granted.
The court, evaluating the supporting depositions found on the remaining simplified traffic informations, finds that they provide reasonable cause to believe the defendant committed the offenses with which he is charged (see, CPL 70.10 [2]). Consequently they are sufficient, and that portion of the motion in which defendant seeks to dismiss them is denied.

 The Appellate Term for the Ninth and Tenth Judicial Districts has held that the accusatory instruments under evaluation are simplified traffic informations (People v Corn, NYLJ, Nov. 13, 1985, at 15, col 3; People v Williams, NYLJ, Nov. 13, 1985, at 15, col 4).