OPINION OF THE COURT
Arthur M. Schack, J.
The key issue before the court is whether the failure to state the name of a complaining witness in a misdemeanor information is defective: as a Sixth Amendment violation of the right to confront one’s accusers; and a failure of the prima facie case requirements of CPL 100.15 and 100.40.
In the instant case the defendant was arraigned on a misdemeanor complaint, based upon two alleged occurrences, on July 25, 2001. For the alleged conduct at the second occurrence, on July 4, 2001, the misdemeanor complaint was properly converted to an information off-calendar on August 2, *649 2001 with the filing and serving of the supporting deposition of the complaining witness. The complainant was named by the deponent Assistant District Attorney in the misdemeanor complaint.
For the first alleged occurrence on June 13, 2001, the defendant was charged with violating: Penal Law § 130.20 (1) (sexual misconduct); § 130.60 (1) (sexual abuse in the second degree); and § 260.10 (1) (endangering the welfare of a child). Unlike the second alleged occurrence, the misdemeanor complaint failed to name the complainant. The complaint stated:
“the source of deponent’s information and the GROUNDS FOR DEPONENT’S BELIEF ARE AS FOLLOWS: “DEPONENT IS FURTHER INFORMED BY A JUVENILE KNOWN TO THE NEW YORK CITY POLICE DEPARTMENT AND KCDA THAT AT THE FIRST ABOVE TIME AND PLACE, INFORMANT ENGAGED IN SEXUAL INTERCOURSE WITH THE DEFENDANT WHO IS 28 YEARS OF AGE “DEPONENT IS INFORMED BY INFORMANT THAT INFORMANT’S BIRTHDAY IS 6/19/86 [szc].”
Bail was set on the defendant and the case was adjourned to July 30, 2001 for CPL 170.70 conversion.
On July 30, 2001 the People did not convert the case to an information. The defendant was released on his own recognizance pursuant to CPL 170.70. The case was adjourned to September 11, 2001 for conversion.
As noted above, the People filed and served off-calendar on August 2, 2001 two supporting depositions and a statement of readiness. One of the supporting depositions was signed by the complainant named at the second occurrence, and the other supporting deposition was signed by a complainant not named in the complaint.
On September 11, 2001, due to the tragic events of that day, the case was adjourned to October 25, 2001.
On October 25, 2001 this court dismissed for facial insufficiency the charges for the first alleged occurrence on June 13, 2001. The court noted that the complaint does not name the accuser who is known to the police and the District Attorney. Further, absent a superseding information, the court had no way of knowing who the accuser is for the first occurrence. As 92 days had elapsed from arraignment, and the People had not properly converted the case for the first alleged occurrence, the court dismissed the charges enumerated above for the first alleged occurrence pursuant to CPL 30.30 (1) (b). The case was *650 adjourned for discovery by stipulation for the second, properly converted, alleged occurrence to November 20, 2001.
On November 20, 2001, the People filed and served a superseding complaint which now named the complainant at the first occurrence, as well as the previously named second complainant. The name of the complainant born on June 19, 1986 was the same as that of the unknown person who signed the supporting deposition filed and served on August 2, 2001. The court noted that the People filed and served the superseding complaint 117 days after arraignment. The People requested an opportunity to reargue the court’s decision to dismiss the charges related to the first occurrence. A motion schedule was set and then extended to allow defense counsel a further opportunity to respond to the People’s motion to reargue.
In their papers, the People argue that a misdemeanor information need not state a complaining witness’ name and that due to the September 11, 2001 emergency situation there was no violation of the CPL 30.30 “speedy trial” provisions.
For an information to be jurisdictionally valid, the factual portion of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges. (CPL 100.15 [3].)
Further, for an information to be sufficient on its face, the allegations of the factual part of the information, together with those of any supporting depositions, must provide reasonable cause to believe that the defendant committed the offense or offenses charged in the accusatory part of the instrument. (CPL 100.40 [1] [b].)
Nonhearsay allegations of the factual part of the information and/or of any supporting depositions must establish, if true, every element of the offense charged and defendant’s commission thereof. (CPL 100.40 [1] [b].) The prima facie case standard also requires, if uncontradicted, that the allegations would support a conviction of the offense charged. (People v Alejandro, 70 NY2d 133 [1987].) An information fulfilling these requirements is facially sufficient.
The People, arguing that the complainant’s name is not necessary, cite a Third Department decision, People v Black (270 AD2d 563), in which a defendant is prosecuted initially on a felony complaint alleging “that on or about * * * December 30, 1996 defendant, age 23, engaged in sexual intercourse with a 15-year-old female * * * ” (supra at 565). The felony complaint *651 did not name the complainant. However, the felony complaint was followed and superseded by a grand jury indictment upon which the defendant was prosecuted and convicted. Black (at 565) noted that a “felony complaint — unlike an information which may serve as the basis for a prosecution — need not be supported by nonhearsay factual allegations establishing every element of the offense charged and the defendant’s commission thereof (compare, CPL 100.40 [4]; 100.10 [5]; 100.15 [3] [first sentence], with CPL 100.40 [1] [c]; 100.10 [1]; 100.15 [3] [last sentence]; see, People v Alejandro, 70 NY2d 133, 136-138 * * * ) ”
Alejandro (at 137-138) instructed that:
“The reason for requiring the additional showing of a prima facie case for an information lies in the unique function that an information serves under the statutory scheme established by the Criminal Procedure Law. An information is often the instrument upon which the defendant is prosecuted for a misdemeanor or petty offense. Unlike a felony complaint (CPL 180.10), it is not followed by a preliminary hearing and a Grand Jury proceeding. Thus, the People need not, at any time prior to trial, present actual evidence demonstrating a prima facie case, as with an indictment following a felony complaint (compare, CPL 190.65 [1] [a], providing that an indictment must be supported by legally sufficient evidence’ before the Grand Jury to establish that the defendant committed the crime, i.e., ‘competent evidence, which, if accepted as true, would establish every element of the offense and defendant’s commission of it.’ [People v Pelchat, 62 NY2d 97, 105]).”
Further (at 138-139), the Court of Appeals held:
“That it was this distinguishing characteristic of an information — its use as the sole instrument upon which the defendant could be prosecuted — which prompted the Legislature to write in the special restrictions applicable to informations found in CPL 100.40 (1) (c) and 100.15 (3) is confirmed by the legislative history leading to the enactment of these sections as part of the Criminal Procedure Law (L 1970, ch 996, § 1). The 1968 Report of the Temporary Commission on the Revision of the Penal Law and Criminal Code states: ‘Under the proposal, a “felony complaint” (the accusatory *652 instrument which commences a felony action in a local criminal court) need only demonstrate “reasonable cause to believe that the defendant committed the” felony in question (§ 50.35. [3b]). However, an “information” (charging a misdemeanor or petty offense) must demonstrate “reasonable cause” and a “legally sufficient” or prima facie case (id. [1-b, c]) a much more demanding standard. The rationale of this distinction is, in part, that the felony complaint is not the instrument of ultimate prosecution and must be followed by a grand jury proceeding and an indictment based upon legally sufficient grand jury evidence’ (Introductory Comments, at xviii; emphasis added).”
The Sixth Amendment, part of our cherished Bill of Rights, allows defendants to confront their accusers. New York’s statutory scheme of requiring a prima facie standard for an information follows the United States Supreme Court’s ruling in Pointer v Texas (380 US 400 [1965]), which explicitly applied the Sixth Amendment right of the defendant to confront his accuser obligatory to the states under the 14th Amendment. Justice Hugo Black declared in Pointer (at 404), “The fact that this right [confrontation and cross-examination of witnesses against a defendant] appears in the Sixth Amendment of our Bill of Rights reflects the belief of the Framers of those liberties and safeguards that confrontation was a fundamental right essential to a fair trial in a criminal prosecution.” Further (at 405), Justice Black states, “There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country’s constitutional goal.”
The People could have met the requirements of CPL 100.15 and 100.40 and their Sixth Amendment obligations in the instant case by filing and serving a proper superseding information at any time, naming the first complainant. This would have met the Sixth Amendment requirements of the right of confrontation and allowed the court to have before it a facially sufficient accusatory instrument. The People failed to meet this burden. For reasons unknown to this court, the People waited until more than 90 chargeable CPL 30.30 days had elapsed before they attempted to supersede the accusatory information with respect to the first occurrence. Judge Bellacosa, in his concurring opinion in Alejandro, was mindful of the require *653 ments for a prima facie misdemeanor information, with the ability of the People to cure any defects in their prosecution with a superseding information. In Alejandro (at 140) he wrote that the statutory framework for an information “supplies elemental fairness to defendants prosecuted for less serious crimes,” and “there are balancing remedies more readily available to the State than to the hapless defendants when the State fails in its threshold procedural burden. The State can easily and promptly amend or supersede and pursue a proper prosecution on a jurisdictionally valid accusatory instrument (CPL 100.45 [2], [3]; 100.50 [1]).”
The People’s argument that CPL 30.30 time is tolled due to the September 11 situation does not meet the standard of CPL 30.30 (4) (g) which allows for period of delay “occasioned by exceptional circumstances.” The defendant was arraigned many weeks before September 11, 2001. At any time the People could have named the first complainant in a superseding information. Further, Governor Pataki’s Executive Orders suspending CPL 30.30 during the emergency, and then extending the suspension for periods of time, allowed for a showing that the delay in filing and serving a superseding information was related to the events of September 11 and its aftermath. No such showing was presented by the People to show any “exceptional circumstances.” Therefore the attempted filing and serving of the superseding accusatory instrument on November 20, 2001 is too late under CPL 30.30 “speedy trial” rules.
Therefore, the People’s motion to reargue the dismissal of the charges from the first occurrence is denied. The dismissal of the charges from the June 13, 2001 occurrence stand.