OPINION OF THE COURT
John W. Fried, J.
The issue here is whether a local criminal court accusatory instrument, which does not identify the basis of the complainant’s knowledge that the defendant committed the offense charged, is legally sufficient so as to give a court jurisdiction to arraign that defendant.
The Accusatory Instruments Filed against Defendants
On December 10, 2015, at about 2:30 p.m., the Village of Ossining police arrested defendants. At about 8:15 p.m. that evening, the police produced defendants for arraignment. Before the arraignment began, the court assigned Gary Kropkowski, Esq. of the Legal Aid Society of Westchester County to represent defendant Hawkins, and Glen P. Malia, Esq. to represent defendant Rodney. Although the police advised the court that they had notified the Westchester County District Attorney’s Office of defendants’ arrest and imminent arraignment, as is routine in this court and apparently in this county, no assistant district attorney appeared to represent the People at this “after-hours” arraignment.
At the arraignment, defendants’ attorneys moved to dismiss the accusatory instruments filed against their respective clients on the grounds that they were facially insufficient, and thus the court had no jurisdiction to proceed with the arraignments. After hearing argument, the court granted defendants’ motions, without prejudice to the People, and the court ordered defendants released from custody. Because no assistant district attorney was present at the arraignment, the legally deficient accusatory instruments could not be timely cured.
Defendants Hawkins and Rodney were each accused separately in a felony complaint charging criminal possession of *909 stolen property in the fourth degree (Penal Law § 165.45 [2]l[1] and in a misdemeanor complaint charging petit larceny (Penal Law § 155.25).[2] A police detective was the “complainant” in each of the four accusatory instruments.
In the felony and misdemeanor complaints filed against defendant Rodney, the police complainant averred that Rodney possessed a stolen credit card, which he used to purchase items online, to purchase a food delivery order, and to attempt to use to make ATM withdrawals totaling $400. “The [felony] complaint is based on information and belief, the source being, POLICE INVESTIGATION.” “The [misdemeanor] complaint is based on personal knowledge, the source being, DIRECT KNOWLEDGE.”
In the felony and misdemeanor complaints filed against defendant Hawkins, the police complainant averred that Hawkins possessed the same stolen credit card, which he used to purchase items online. “The [felony] complaint is based on information and belief, the source being, POLICE INVESTIGATION.” “The [misdemeanor] complaint is based on personal knowledge, the source being, DIRECT KNOWLEDGE.”
None of the four accusatory instruments identify the factual basis of the police complainant’s direct knowledge and/or information and belief that defendants had committed the crimes charged therein.
The felony complaints against both defendants, based on “Police Investigation,” and the misdemeanor complaints against both defendants, based on “Direct Knowledge,” did not allege any facts that provided the court with reasonable or probable cause to belief that each defendant committed the crimes charged therein. (CPL 100.40 [4] [b].) For example, what was the basis for the police complainant’s belief that the credit card was stolen? The accusatory instruments did not identify the owner of the credit card, and there was no allegation from that person that defendants did not have his or her permission or authority to possess and to use the card to purchase anything. In addition, what was the basis for the police complainant’s belief that defendants had used or had attempted to use the al *910 legedly stolen credit card? There was no allegation that he saw defendants do that; there was no allegation that defendants confessed to doing that; there was no allegation that an identified merchant told the police complainant that defendants had used or had attempted to use the allegedly stolen credit card to purchase merchandise.
Legal Discussion
Possibly the most important freedom of people accused of an offense is that the government cannot compel them to answer for that offense in a criminal proceeding except upon reasonable or probable cause, based on an oath or affirmation, that they have committed an offense. That freedom is enshrined in the Bill of Rights to the United States Constitution, in the Fourth Amendment, and in the Bill of Rights to the New York State Constitution, in article I, § 12, which provisions, in essentially identical wording, state the following:
“The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.”
In New York, article 100 of the Criminal Procedure Law enforces this fundamental right.
Only by the filing of an accusatory instrument with a criminal court may a criminal action be commenced (CPL 1.20 [16]; 100.05; People v Farkas, 16 NY3d 190, 193 [2011]). Obviously, a legally or facially insufficient accusatory instrument cannot be the basis to commence a criminal action. (See People v Hightower, 18 NY3d 249, 254 [2011] [the failure of an accusatory instrument to allege facts, which provide reasonable cause to believe a defendant committed the offense charged, is a jurisdictional defect, “implicating the integrity of the process,” and should be dismissed (citations omitted)].)
Here, as previously stated, the accusatory instruments the People filed against each defendant were a felony complaint and a misdemeanor complaint. A felony complaint and a misdemeanor complaint is sufficient on its face when:
“(a) It substantially conforms to the requirements prescribed in [CPL 100.15]; and “(b) The allegations of the factual part of such accusatory instrument and/or any supporting deposi *911 tions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of such instrument.” (CPL 100.40 [4].)
Section 100.15 of the Criminal Procedure Law provides, in pertinent part, that a local criminal court accusatory instrument, such as a felony complaint and a misdemeanor complaint, must be verified by a person known as the “complainant,” who can be “any person having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged.” (CPL 100.15 [1] [emphasis added].) In addition, section 100.15 of the Criminal Procedure Law provides that “factual allegations may be based either upon personal knowledge of the complainant or upon information and belief” (CPL 100.15 [3] [emphasis added].) When a complainant has knowledge of an offense upon information and belief, “[suspicion is not enough, and information and belief are not enough, unless facts are stated showing the source of the information and the grounds of belief.” (People ex rel. Livingston v Wyatt, 186 NY 383, 392 [1906].)
It is well-settled law in New York that an accusatory instrument is legally insufficient if it rests on information and belief without a statement of the source of the information and the grounds of the belief. (People v James, 4 NY2d 482, 485 [1958] [“The reasons for this rule are said to be that a reasonable guarantee of probable cause is required before interference with a person’s liberty ... is justified]; People v Hussain, 25 Misc 3d 1245[A], 2009 NY Slip Op 52588[U] [Sup Ct, Bronx County 2009] [accusatory instrument charging criminal contempt for violating order of protection dismissed because the accusatory instrument failed to identify the protected person]; People v Quinones, 190 Misc 2d 648 [Crim Ct, Kings County 2002] [accusatory instrument not disclosing the name of complaining witness was defective]; People v Drucker, 159 Misc 2d 205 [Crim Ct, Bronx County 1993] [complaint based on allegations of unidentified undercover police officer was facially insufficient]; People v Pleva, 96 Misc 2d 1020 [Dist Ct, Suffolk County 1978] [misdemeanor complaint charging driving while intoxicated dismissed as legally insufficient because it was based upon information and belief without disclosing the source thereof].)
Here, the felony and misdemeanor complaints, with no identification of the source or sources of that factual informa *912 tion contained therein, other than a “Police Investigation,” fail to demonstrate reasonable cause to believe that defendants committed the crimes charged. (See People v Dreyden, 15 NY3d 100, 104 [2010] [accusatory instrument dismissed because it contained only complainant’s conclusory statement that object recovered from defendant was a gravity knife with no allegation as to the basis of complainant’s belief]; People ex rel. Rial v Katner, 43 Misc 2d 450 [Sup Ct, Steuben County 1964] [writ of habeas corpus sustained where prisoner was detained for murder on an accusatory instrument, based solely on information and belief, where the source of information and grounds for belief was a county sheriffs personal investigation]; People v Moretti, 142 Misc 2d 331, 332 [Yonkers City Ct 1998] [accusatory instrument charging leaving the scene of incident without reporting it was dismissed as legally insufficient where the instrument alleged that the source of the factual information was the police officer complainant’s direct knowledge and on information and belief, a “police investigation,” where the court could not determine what facts were observed by the police officer and what facts were observed by one or more unidentified witnesses].)
Because the four accusatory instruments fail to allege “facts of an evidentiary character” (CPL 100.15 [3]) demonstrating “reasonable cause” to believe defendants committed the crimes charged (CPL 100.40 [4] [b]), and because a violation of the reasonable cause requirement is a jurisdiction flaw (People v Hightower, 18 NY3d 249, 254 [2011]), the court had no choice except to grant defendants’ motions to dismiss the four accusatory instruments.
By this decision, the court makes no finding as to whether or not the Ossining police had probable or reasonable cause to arrest defendants.
Accordingly, it is hereby ordered that the accusatory instruments filed against defendants are hereby dismissed, without prejudice to the People.

. A person is guilty of this felony “when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when: . . . “(2) The property consists of a credit card, debit card or public benefit card; . . . .”

. A person is guilty of this misdemeanor “when he steals property.”